

UNITED STATE DISTR **08CV1293**
NORTHERN DISTRICT O
EASTERN DIVIS **JUDGE KENDALL**
**MAG. JUDGE COLE**

Kirk E. Bintzler )
)
Petitioner )
) Pursuant to U.S.C. 28 2241, &
) 2243.
v. )
) Civil Case # _____
MCC Warden Eric Wilson )
and United States Parole )
Commission, et al. )

**RECEIVED**

To: Honorable Judge
David H. Coar
Suite 1419, U.S. Courthouse

FEB 28 2008    FEB 28 2008

**JUDGE DAVID H. COAR**

PETITION FOR WRIT OF HABEAS CORPUS
JURISDICTION TO ENTERTAIN WRIT

Pursuant to 28 U.S.C. 2241, 2243 and Al-Marri v. Rumsfeld, 306 F3d 707 at 310 (7th circuit 2004) the court has both personal and subject matter Jurisdiction to entertain and issue the Writ forthwith or within the time frames set forth in 2243 in the interest of Justice. Habeas Corpus was early confirmed by Chief Justice John Marshal to be a "Great Constitutional Privilege". These are not extravagant expressions. Behind them may be discerned the unceasing contest between [372 U.S. 401] personal liberty and government oppression... Although in form the Great Writ is simply a mode of procedure...[I]t[s] function was been to provide a prompt and efficacious remedy for what ever [372 U.S. 402] Society deems to be intolerable Restraints.

Its root principle is that in a civil society, government must always be accountable to Judiciary for Man's Imprisonment: if the imprisonment cannot be shown to conform to the Fundamental requirements of Law, The individual is entitled to his immediate release.

Petitioner asserts upon the following prima facie evidence and guiding legal principles applicable to the case at bar; petitioner is entitled within 7 days to an immediate, in person hearing, before the court forth with; to compel the U.S. Parole Commission to withdraw the illegal warrant and detainer of March 21, 1994.

That has illegally retarded petitioner's release into Milwaukee community corrections center placement, to date; that was to occur [see ex W-1] on or about December 28, 2007. A warrant that has expired on its face in 1998 by the Commissions own rules and regulations.

One would think at this late date, there would be no need to assert the court's supervisory powers under the Great Writ, to compel the U.S. Parole Commission to follow their own agency regulations. (see ex. W-1 to W-6) 2.46(c) & 2.47(b)(1)(3),(e)(1), 2.20 - 03D to quash the warrant upon the grounds that petitioner's time served in both State and Federal Custody is excess of 13 years that has far exceeded the 1400 days owed on the face of the warrant.

(2)

The Commissions regulatory provisions of §2.46(c), 2.47(B)(1)(3), (e)(1), 2.20 - 03 D.

2.46(c): Ex. WA - 4.
" If execution of the warrant is delayed pending disposition of local charged, for further investigation, or for some other purpose, the parolee is to be continued under supervision by the probation officer until the normal expiration of the sentence, or until the warrant is executed, whichever first occurs. Monthly supervision reports are to be submitted and the parolee must continue to abide by all the conditions of release."

2.47(B): Ex. WA - 5.
" If the prisoner is serving a new federal sentence, the Regional Commissioner, following a dispositional review, may: (1) Withdraw the detainer and orreinstatement of the parolee to supervision upon release from confinement and or close the case is the expiration date hs passed."

2.47(b)(e)(1): Ex. WA - 5.
" A parole violator whose parole is revoked shall be given credit for all time in federal, state or local confinement on a new offense for purposes of satisfaction of the reparole guidelines at 2.20. and 2.21."

2.20 - 03 D: Ex. WA - 6.
" Parole Violators (Reparole Consideration) In reparole cases, count as time in custody any time spent in actual physical custody (whether state or federal)as result of the actions leading to parole violation. [Example: A parolee is convicted of state charge of forgery and spends 10 months in state custody; his is in federal custody an additional 2 months at the time of his revocation hearing. Time in custody for reparole guidelines purpose is 10 + 2 =12 months.]."

Under the fifth amendment requires quashing of the commissions warrant; instanter by the court.

(3)

Application on this matter pursuant to 28 U.S.C. § 2241 is affirmed as procedurally correct by the Seventh Circuit in the matter of KIRK E. BINTZLER V. JOHN D. ASHCROFT, 04-1488 as:

"Request for sentence credit or recalculation of time yet to be serve, do not come under § 2255...[T]hese issues are properly addressed through a § 2241 petition."

Custodian Wilson and the United States Parole Commission can not place forth an affirmative defense of failure to exhaust administrative remedies as:

[Prisoner] must exhaust only those administrative remedies that are available to him...[and] administrative remedies [are] exhausted when prison officials fail to respond to inmate grievances because those remedies had become "unavailable".

LEWIS V. WASHINGTON, 300 F.3d 829 at 830 (7th Cir. 2002).

EX. WA-7, Petitioner's January 28th, 2008, letter to U.S. Parole Officer Fredrick Robinson denotes; even after petitoner attempted contact with Commission representive (WA-8) Shelly Witenstein on August 15th, 2007 to quash the warrant, per the Commission's own regulations and (WA-9) personally approaching acting Warden Young to Appear before Commission examiner on September 11th, 2007, Petitioner endeavored to persevere against the blockade constructed by the Commission to date and related inept actions of BOP employees charged with the duty to correctly administer petitioner's sentence. Furthermore, Commission representative Tiffany R. Moore (WA-10) has made it more than explicately (without noticication) clear the Commission had no intent of honoring the execution of the warrant by the E.D. of Wis. Marshal's Service on or about April 20th, 2004.

See (WA-11) Notice of Action placement of detainer (Non-Appealable) issued March 19th, 1999.

CONCLUSION

Petitioner has more than demonstrated the need for an in person hearing before the court, and or a show cause order to respondent(s) on the foregoing issue(s) of non-compliance with petitioner's due process of law rights, prescribed by the Commissions own regulations and or more expanded order; inquiring into why the Commission not only violated the foregoing due process right(s) of petitioner but additionally violated petitioner's right to a final revocation hearing (once petitioner was convicted of the criminal conduct) within 120 days, as required by law.

Petitioner request any show cause order to respondent's requires reply within 72 hours, related hearing within 7 days, and or any time frames set by 28 U.S.C. § 2243.

Respectfully Submitted,

Kirk E. Bintzler                                    Date February 26, 2008

BP-S148.055  **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                        FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) ISM Ms. Girard | DATE: January 2, 2008 |
|---|---|
| FROM: Kirk Bintzler | REGISTER NO.: 01938-089 |
| WORK ASSIGNMENT: Recreation | UNIT: Mo.-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Please confirm the following facts below in regard to my Parole Commission Warrant/Detainer of 3/21/07, as it relates to my recomended placement in CCC for a six month period.

(1) BOP ISM pocessing manual on release processing prohibits release to CCC until the commission either withdraws the Warrant/Detainer or order closing of my case file.

(2) From August 1st, 2007, to date no one representing the United States Parole Commission sent any correspondence, fax or E-mails to your section requesting calculation of time served for purpose of reparole guidelines and or discharge; pursuant to Commission regulation(s) (1) of page 107, of the Commissions manual, wherein it states: "The Bureau of Prisons will be notified to amend their time computation record and provide the Commission with a recalculated full term expiration date which will be placed on the parole certificate." Attached and highlighted. Continued next page place answers in corresponding sections on each page;[for concise answers to each question in order of appearence.

(Do not write below this line)

DISPOSITION:

(1) - Correct as long as you have a detainer you are not eligible for the halfway house.

(2) - To my knowledge we have not received any correspondence from the Parole Commission. Prior to your transfer.

(3) — Unable to answer at this time due to not having your file at Pekin any longer. Sorry

Signature Staff Member                                   Date  Jan 11, 2008

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

WA-1

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

U.S. DEPARTMENT OF JUSTICE                           FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member)<br>ISM Ms. Girard | DATE:<br>January 2, 2008 |
|---|---|
| FROM:<br>Kirk Bintzler | REGISTER NO.:<br>01938-089 |
| WORK ASSIGNMENT:<br>Recreation | UNIT:<br>Mo.-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

(Page 2 continued on U.S. Parole Commission Warrant Detainer)

(3) Does my warrant/detainer on its fact display a maxmium forfeiture of 1400 days for satisfaction of the detainer without any application of good time credit? (e) (1) language "page 104 " A parole violator whose parole is revoked shall be given credit for all time in federal, state or local confinement on a new offense for purpose of satisfaction of the reparole guidelines at § 2.20 and § 2.21." related language on page 67, in Section D. " Parole Violators (Reparole Consideration). In reparole guidelines cases, count as time in custody any time spent in actual physical custody(whether state or federal) as a result of the actions leading to parole violation. " has application to your process of of out processing . Therefore (4) Please confirm below the exact number of days accredited pursuant to this formula application per its language since my continuous incarceration on March 16, 1994, Milwaukke County Jail (5) Whether or not if your section-if- contacted by U.S Parole Commission on the issue of discharge. Your section, would state, the time frame had been satisfied per the (Do not write below this line) Commissions own regulations?

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Printed on Recycled Paper

WA-2

(2) Upon receipt of the above forms the Analyst will forward CJA Form 22 to the U.S. Magistrate in the district in which the state/local or federal facility is located, if appointment of counsel is requested.

(3) After the Commission is advised of appointment of counsel, a letter will be directed to the parolee (with copies to counsel, Warden, and U.S. Probation Officer) informing him of the date and location of the hearing.

(4) The Analyst will prepare a revocation packet(s) to be hand carried to the state/local or federal institution by the designated hearing examiner.

(B) *Use of Other Designated Official (U.S. Probation Officer) to Conduct Hearing*: The Analyst will prepare a revocation packet and forward same to the U.S. Probation Officer designated to conduct a revocation hearing, instructing him to schedule an institutional revocation hearing (month/year). The U.S. Probation Officer will then be responsible for carrying out the procedures otherwise performed by the Analyst, with copies of executed forms and correspondence forwarded to the Commission.

(d) *Dispositional Revocation Hearing Procedures*.

(1) Dispositional revocation hearings for parolees in state/local or federal institutions shall be conducted in accordance with the rules governing institutional revocation hearings at 28 C.F.R. 2.50, except that the hearing may be conducted by an examiner, examiner panel, or other designated official (generally a U.S. Probation Officer).

(2) The examiner, examiner panel, or designated official conducting the revocation hearing will prepare a reparole guideline worksheet and revocation hearing summary. NOTE: The Commission may grant a reparole date nunc pro tunc if the circumstances warrant.

(3) Interim record reviews will be scheduled at either (18) or (24) months from the date of the dispositional revocation hearing dependent on whether the original federal sentence was (less than 7 years) (7 years or more). If the prisoner comes into federal custody prior to a scheduled interim record review, he will be afforded an interim hearing during the month of the previously scheduled record review.

(4) Upon completion of the hearing process, the case will be referred to the appropriate analyst who will assure the proper processing of the case with respect to statutory interim reviews and pre-release processing. If a parolee is serving a sentence in a state/local institution, in addition to the Notice of Action, a letter is to be sent to the Warden (with a copy to the Chairman of the State Parole Board) explaining the maximum jurisdiction of the U.S. Parole Commission should the state release the prisoner prior to the date specified on the Notice of Action.

(e) *Parole to a State/Local Sentence*. If the prisoner is still in state custody as the date chosen for reparole approaches, a pre-release review will be conducted. If the decision is to grant an effective parole to the state or CCCA or other non-parolable sentence:

(1) The Bureau of Prisons will be notified to amend their time computation record and provide the Commission with a recalculated full term expiration date which will be placed on the parole certificate;

(2) The Marshals Service will be notified to withdraw the warrant on the date specified. Note: As the revocation hearing has already set the date for the commencement of the violator term, withdrawing the warrant at this time does not cancel the violation or restore street time or affect the commencement of the violator term.

### §2.48 REVOCATION, PRELIMINARY INTERVIEW.

(a) *Interviewing officer*: A parolee who is retaken on a warrant issued by a Commissioner shall be given a preliminary interview by an official designated by the Regional Commissioner to enable the Commission to determine if there is probable cause to believe that the parolee has violated his parole as charged, and if so, whether a revocation hearing should be conducted. The official designated to conduct the preliminary interview may be a U.S. Probation Officer in the district where the prisoner is confined, provided he is not the officer who recommended that the warrant be issued.

(b) *Notice and opportunity to postpone interview*: At the beginning of the preliminary interview, the interviewing officer shall ascertain that the Warrant Application has been given to the parolee as required by §2.46(b), and shall advise the

on the warrant application to permit forfeiture of street time. Note: A letter of reprimand is not a prerequisite to forfeiture of street time under 28 C.F.R. 2.52(c)(2) if parole is subsequently revoked.

### §2.45 SAME; YOUTH OFFENDERS.

(a) In addition to the issuance of a summons or warrant pursuant to §2.44 of this part, the Commission or a member thereof, when of the opinion that a youth offender will be benefitted by further treatment in an institution or other facility, may direct his return to custody or issue a warrant for his apprehension and return to custody.

(b) Upon his return to custody, such youth offender shall be scheduled for a revocation hearing.

### §2.46 EXECUTION OF WARRANT AND SERVICE OF SUMMONS.

(a) Any officer of any Federal correctional institution or any Federal officer authorized to serve criminal process within the United States, to whom a warrant is delivered, shall execute such warrant by taking the parolee and returning him to the custody of the Attorney General.

(b) On arrest of the parolee the officer executing the warrant shall deliver to him a copy of the Warrant Application listing the charges against the parolee, the applicable procedural rights under the Commission's regulations and the possible actions which may be taken by the Commission.

(c) If execution of the warrant is delayed pending disposition of local charges, for further investigation, or for some other purpose, the parolee is to be continued under supervision by the probation officer until the normal expiration of the sentence, or until the warrant is executed, whichever first occurs. Monthly supervision reports are to be submitted, and the parolee must continue to abide by all the conditions of release.

(d) A summons to appear at a preliminary interview or revocation hearing shall be served upon the parolee in person by delivering to the parolee a copy of the summons. Service shall be made by any Federal officer authorized to serve criminal process within the United States, and certification of such service shall be returned to the Commission.

*Notes and Procedures*

2.46-01. *Applicability of Notes and Procedures Accompanying § 2.212.* All Notes and Procedures accompanying § 2.212 apply.

2.46-01. *Execution of Warrant by Warden in the Case of New Federal Sentence.* When an alleged violator receives a new federal sentence prior to revocation by the Commission, the warrant is filed with the institution and placed as a detainer. A copy of the warrant application is given to the alleged violator at this time. When released from the new sentence (or prior thereto, if ordered by the Regional Commissioner as a result of a dispositional review), the warrant is executed by taking the alleged violator into custody on the warrant. If no dispositional revocation hearing has been conducted, the prisoner at this time is also provided with an Attorney-Witness Election Form (Form I-16) on which he signifies whether he desires an attorney or witnesses at the hearing. He is also provided with a CJA Form 22, on which he may request a court-appointed attorney, or waive the opportunity.

### §2.47 WARRANT PLACED AS A DETAINER AND DISPOSITIONAL REVIEW.

(a) When a parolee is serving a new sentence in a federal, state or local institution, a parole violation warrant may be placed against him as a detainer.

(1) If the prisoner is serving a new sentence in a federal institution, a revocation hearing shall be scheduled within 120 days of notification of placement of the detainer, or as soon thereafter as practicable, provided the prisoner is eligible for and has applied for an initial hearing on the new sentence, or is serving a new sentence of one year or less. In any other case, the detainer shall be reviewed on the record pursuant to paragraph (a)(2) of this section.

(2) If the prisoner is serving a new sentence in a state or local institution, the violation warrant shall be reviewed by the Regional Commissioner not later than 180 days following notification to the Commission of such placement. The parolee shall receive notice of the pending review, and shall be permitted to submit a written application containing information relative to the disposition of the warrant. He shall also be notified of his right to request counsel under the provisions of §2.48(b) to assist him in completing this written application.

(b) If the prisoner is serving a new federal sentence, the Regional Commissioner, following a dispositional record review, may:

(1) Pursuant to the general policy of the Commission, let the warrant stand as a detainer and order that the revocation hearing be scheduled to coincide with the initial hearing on the new federal sentence or upon release from the new sentence, whichever comes first;

(2) Withdraw the warrant, and either order reinstatement of the parolee to supervision upon release from confinement or close the case if the expiration date has passed.

(c) If the prisoner is serving a new state or local sentence, the Regional Commissioner, following a dispositional record review may:

(1) Withdraw the detainer and order reinstatement of the parolee to supervision upon release from custody, or close the case if the expiration date has passed.

(2) Order a revocation hearing to be conducted by a hearing examiner or an official designated by the Regional Commissioner at the institution in which the parolee is confined.

(3) Let the detainer stand and order further review at an appropriate time. If the warrant is not withdrawn and no revocation hearing is conducted while the prisoner is in state or local custody, an institutional revocation hearing shall be conducted after the prisoner's return to federal custody.

(d) Revocation hearings pursuant to this section shall be conducted in accordance with the provisions governing institutional revocation hearings, except that a hearing conducted at a state or local facility may be conducted by a hearing examiner, hearing examiner panel, or other official designated by the Regional Commissioner. Following a revocation hearing conducted pursuant to this section, the Commission may take any action specified in §2.52.

(e)(1) A parole violator whose parole is revoked shall be given credit for all time in federal, state, or local confinement on a new offense for purposes of satisfaction of the reparole guidelines at §2.20 and §2.21.

(2) However, it shall be the policy of the Commission that the revoked parolee's original sentence (which due to the new conviction, stopped running upon his last release from federal confinement on parole) again start to run only upon release from the confinement portion of the new sentence or the date of reparole granted pursuant to these rules, whichever comes first. This subsection does not apply to cases where, by law, the running of the original sentence is not interrupted by a new conviction (e.g., YCA; NARA; Mexican or Canadian treaty cases).

(f) If a Regional Commissioner determines that additional information is required in order to make a decision pursuant to paragraph (a)(2) of this section, he may schedule a dispositional hearing at the state or local institution where the parolee is confined to obtain such information. Such hearing may be conducted by a hearing examiner, hearing examiner panel, or other official designated by the Regional Commissioner. The parolee shall have notice of such hearing, be allowed to testify in his behalf, and have opportunity for counsel as provided in §2.48(b).

Action would therefore state that the prisoner is continued to a date that will require a total service of [ ] months in combination with a consecutive sentence requiring [ ] months in custody. If the consecutive sentence is subsequently vacated or modified by the sentencing court, the Commission will reopen the case to reconstruct its original plan by setting a new release date.

C. *Probation Revocation Cases.* Credit any time spent in actual physical custody (federal or state) for any offense considered in assessing offense severity. If a prisoner is received as a probation violator from a split sentence, also credit the months spent in federal custody prior to being placed on probation.

D. *Parole Violators (Reparole Consideration).* In reparole guideline cases, count as time in custody any time spent in actual physical custody (whether state or federal) as a result of the actions leading to parole violation. [Example: A parolee is convicted of a state charge of forgery and spends 10 months in state custody; he is in federal custody an additional 2 months at the time of his revocation hearing. Time in custody for reparole guideline purposes is 10 + 2 = 12 months.]

■2.20-04. *Offense Severity Rating.*

A. In applying the guidelines, the offense severity rating shall reflect the overall circumstances of the present offense behavior. Select the offense rating appropriate to the actual offense behavior that occurred. The severity rating must be explained on the Notice of Action Worksheet (in the space provided) by a brief summary of the specific facts that justified the rating. 28 C.F.R. 2.19(c) provides: "The Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond. If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability."

B. Information in the file describing offense circumstances more severe than reflected by the offense of conviction (for example, information contained in a count of an indictment that was dismissed as a result of a plea agreement) may be relied upon to select an appropriately higher severity rating only if such information meets the standard indicated in 28 C.F.R. 2.19(c). The normal indicants of reliability are (a) the report is specific as to the behavior alleged to have taken place; (b) the allegation is corroborated by established facts; and (c) the source of the allegation appears credible. The prisoner is to be informed of the allegation at the hearing and given an opportunity to respond. An allegation that is vague, unsupported, or comes from an unreliable source should not be considered. Cases requiring further information or verification may be referred to the Commission's Office.

C. The Commission's consideration of aggravating offense circumstances in applying its guidelines has been approved in the following cases: *Zannino v. Arnold*, 531 F.2d 687 (3d Cir. 1976) [allegation that offense was a "large-scale conspiracy" committed in an "unusually sophisticated" manner]; *Brown v. Lundgren*, 528 F.2d 1050 (5th Cir. 1976) [circumstances not given in the opinion but involved pattern of on-going criminal behavior and multiple separate offenses]; *Grattan v. Sigler*, 525 F.2d 329 (9th Cir. 1975) [allegation that the prisoner was a "ringleader"]; *Foddrell v. Sigler*, 418 F.Supp. 324 (M.D. Pa. 1976) ["sophisticated operation involving large amounts of heroin"]; and *Biancone v. Norton*, 421 F.Supp. 1044 (D. Conn. 1976) [multiple separate offenses]; and in the cases cited below. Similarly, Commission's consideration of unadjudicated offenses has been approved in the following cases: *Billiteri v. United States Board of Parole*, 541 F.2d 938 (2d Cir. 1976) [offense rated as extortion based on information in the pre-sentence report; the Court specifically rejected the contention that the Government's acceptance of a plea restricted to the conspiracy charge was a bar to the Commission from considering the actual offense behavior]; *Bistram v. U.S. Parole Board*, 535 F.2d 329 (5th Cir. 1976) [Commission relied upon dismissed count of kidnapping notwithstanding bargained plea to bank robbery only]; *Lupo v. Norton*, 371 F.Supp. 156 (D. Conn. 1974) [prisoner convicted of conspiracy to transport stolen goods was alleged to have committed robbery to obtain same]; and *Manos v. U.S. Board of Parole*, 399 F.Supp. 1103 (M.D. Pa. 1975). [Prisoner pleaded guilty to two counts of filing false tax reports involving less than $20,000 but Commission considered entire 22-count indictment charging a total defrauding of $150,000]. These decisions have accorded to the Parole Commission the same scope of discretion as that exercised by the sentencing courts. As stated in *Billiteri*, supra, at 444: "If therefore, the sentencing judge is not limited to a consideration of only that criminal conduct of the defendant that is related to the offense for which he was convicted, the Parole Board, which is concerned with all facets of a prisoner's character, make-up and behavior, is a fortiori, certainly entitled to be fully advised of the contents of the presentence report and to use it in giving an offense severity rating and for such other purposes as it finds necessary and proper..."

■2.20-05. *Decisions Outside the Guidelines*

8/15/03 Page 67

WA-6

Kirk Bintzler   01938-089
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Il.   60605


January 28, 2008



Fredrick Robinson   Probation Officer
U.S. District Court,
Parole and Probation Department
517 East Wisconsin Ave.
Milwaukee, Wi.   53202


Dear Fred:

You can see by enclosures from the U.S. Parole, that the Commission Warrant/Detainer of 3-21-94, has caused my Milwaukee halfway house placement to be delayed by at least 30 days. This is the same warrant you applied for in March of 1994. All efforts to date have been unsuccessful on contact with the Commission to get this matter resolved by closing out the warrant pursuant to (e)(1) page 104 section D; page 67's, provisions; due to fact I have in excess of 3 times the 14,000 days in either State or Federal Custody, on the face of the information on the warrant; To allow closure. Please read over material to confirm this and if possible contact some one with authority in the Commission to remove the detainer/warrant and or reply in writing to me.

The Commission is aware of their own requirement but refuse to remove detainer/warrant so I can immediately apply with the U.S. District Court via 28 U.S.C. 2241, for an order quashing the warrant and allowing my immediate release to halfway house. I have been attempting to and will continue to call to cover the matter in more detail with you, in case this information is insufficient to process my request.

Should you choose to assist and want to expedite the matter please call my Unit Manager Mr. Schnake or Counselor Mr. Jaloweic, at 312-322-0567, to set a phone conference between us, at a set time and date, that meets your schedule.

Thank you in advance for your assistance with this matter.

Respectfully

*[signature]*
Kirk Bintzler


cc:   file


WA-7

August 15, 2007

To: Shelly Witenstein
    Case Services Administrator
    U.S. Parole Commission
    5550 Friendship Blvd, Suite 420
    Chevy Chase, Md. 20815

Fr: Kirk Bintzler
    Reg. No. 01938-089
    Pekin F.C.I.
    P.O. Box 5000
    Pekin, Illinois 61555-5000

Re: Problems with case management processing and termination of U.S. Parole Commission Warrant issued 3/21/04, Parole.

Administrator Witenstein:

   In the process of my out-processing for placement in a Community Corrections Center in December 2007, my Unit Team(via BOP operations directives)did a follow-up on the foregoing Warrant/Detainer that has been lodged here at Pekin Federal Correctional Institution for over 3 years, with an un-named party to me(who is a member of your office) that contained the following reply, to the extent it was copied verbatim, by Case manager McMahan of Missouri Unit Team:

   " I contacted the USPC and they responded with: The commission's warrant issued 3-21-04 will remain a detainer until the subject completes the current federal sentence next year. At that time your ISM will execute the parole warrant and fax a copy to this office. We will then review the case and request designation for his parole violation hearing. ( Sometimes they remain at the current facility and sometimes these cases are transfered to OKL or PHL). If he remains at PEK you will need to find out if he wants a court-appointed counsel for the revocation hearing and have that matter taken care of prior to the hearing docket. "

   This is inconsistent with the facts of the mangement of the case history and the provisions of the U.S Parole Commission's Manual that require immediate corrective action of supervisory personnel of your office on the following correct set of facts:

(1)

WA-8(A)

1). Per § 2.47-02 (b) of the U.S. Parole Commission Manual I have already received a dispositional review hearing, while incarcerated in the State of Wisconsin's Waupun Correctional Institution, located at Waupun, Wisconsin;

2). My appointed counsel at the proceeding was attorney Michael Barth of Burlington, Wisconsin ( these facts if missing from my file my be additionally obtained by contacting your in-house legal counsel Sharon Gervasoni ) who processed the commission's paperwork on the matter;

3). The hearing occured in the late 1990's with several due process of law objections be made at the time including the fact the commission actions violated the provision the hearing was mandated to take place within the 180 days as prescribed;

4). The final up-shot of the party hearing the matter was the Commission was aware of the fact I would sometime in the future be entering federal custody on Case # 94-CR-87, E.D. of Wisconsin and at that point I would receive a final revocation hearing if my sentence have not expired pursuant to provision(s) § 2.46 (c), 2.47 (a) (1), (a) (2), (b) (2), (c) (1) and (3) (e) (1).

5). Since that hearing I have never received any form of an inquire much less a formal hearing allowing discharge;

6). I have repeatedly inquired with members of my Unit Team over the years ( per my understanding of contact rules of the commission on personally speaking to an inmate outside of an offically recorded hearing ) to have follow-up E-mails, faxes and or phone conversations to ascertain a certificate of discharge from your commission pursuant to your rules on issuance;

7). No one ( other than Mr. McMahan on 8/8/07 ) from my Unit Team or the Parole Commission has acted on my inquires;

8). However, on 8/13/07, I was assured by the Pekin CMC that the Missouri Unit Team acting in accord with BOP provisions would be making assisting inquires with Ms. Girard of Pekin ISM to certify I have several times over served 1400 days to allow discharge pursuant to § 2.47 (3) (e) (1) to your office in aid of resolution of this matter and placement in the CCC by the December target date by my Unit Team;

9). I have rerequested the team make commission contact to assert pursuant to BOP/Commisssion provisions and in the interest of justice and judical economy resolution should be acted upon immediately to issue a nunc pro tunc discharge and or any other procedure allowing CCC processing immediately.

(2)

WA-8(B)

10). I have also instructed the Unit Team to release any relevant ( I am additionally requesting per Commission regulations, codes the release of information also ) information as to the Unit Teams recomendantion for the six month placement in a CCC in Milwaukee, Wisconsn and related warrant/detainer Parole Commission information to Senator Fiengold ( or his staff ) of Wisconsin and or Reporter Joel Despain of Channel 3 news of Madison, Wisconsin ( who reported a story on Restoritive Justice of Wisconsin and my participation of assistance to crime victims in the state and local areas of Wisconsin ) or Citizens' for a better government.

11). The Commission's warrant/detainer has been outstanding for over 13 plus years;

12). I have been in exclusive federal custody/BOP custody since ( April 20, 2004, Marshal's Service ) May 10th, 2004, with no resolution of this matter.

    In closing on an aside matter I received a quadruple bypass surgery on April 18th, 2007, that would prohibit normal Marshal's air transport ( requiring private costly air transport to the locations indicated in the Commission response to the inquire of Case Manager McMahan on removal of the warrent/detainer) to the named locations outside of Pekin Correctional Institution.

    Therefore, I request the Commission if possible notate to the BOP the Commission has no objection of me remaining at Pekin Correctional Institution for any related hearing prior to or after my release on Case No. 94-Cr-87, the subject of this current incarceration here at Pekin F.C.I. in any responding communications to my Unit Team or myself on this matter.

    Whatever the Commission position on the foregoing facts I request the Commission take action by the end of August to assure I have sufficient time to process through the court system for an issuance of a Writ of Mandamus and or Habeas Corpus to assure compliance with federal law, and my intergration into society in a manner consistant with my needs and that of the public.

    Thank you in advance for your assistance processing this matter no matter what the resolution is!

    Sincerely,
    *Kirk Bintzler*
    Kirk Bintzler
    cc/file
    Senator Fiengold
    Joel Despain
    Citizens for a Better Government
    With attachments

WA-8 (c)

BP-S148.055   **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                           FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Acting Warden young | DATE: September 10, 2007 |
|---|---|
| FROM: Kirk Bintzler | REGISTER NO.: 01938-089 |
| WORK ASSIGNMENT: Recreation | UNIT: Mo.-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

My understanding is the U.S. Parole Commission's Regional Repesentative is scheduled to appear at Pekin Correctional Institution on 9/11/07. Per the attachments to Case Manager McMahan, I have been working on removal of the erroneous detainer of 3/21/94, by the Commission through BOP/Commission Policies and Procedures. However, Mr. McMahan ( see attached request to staff ) has stated the BOP/himself is no longer willing and or able to assit me with Commission contact to resolve this matter to meet my CCC placement in Dec. of 07. I therefore, request you your staff inform the Commission representative I would like to personally appear before him/her to cover the matter of removal of warrant and or status of 8/15/07, letter to Case Administrator Witenstein, and or personall pass along the case law, other relevant information on release directly to a Commission represent-: (Do not write below this line)ative. Thank You!

DISPOSITION:

WA-9

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                This form replaces BP-148.070 dated Oct 86



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201
Telephone: (301) 492-5821
Facsimile: (301) 492-5525

May 18, 2004

Inmate Systems Manager
Pekin FCI
P. O. Box 7000
Pekin, IL 61555-7000

Re:   **Bintzler, Kirk**
      **Reg. No. 01938-089**
      **DCDC No.**

Dear Inmate Systems Manager:

The above-named inmate is a federal parole violator who was designated to your institution on 5/10/2004. The Commission issued a warrant for this subject on 3/21/1994. On 4/26/2004, we received an *erroneous* notice from the U.S. Marshal Service for the Eastern District of Wisconsin stating that our warrant had been executed and that the subject had been designated to your institution to await revocation proceedings. Further examination revealed that this information was incorrect. The subject has been designated to your institution to complete a 75-month federal sentence for Unlawful Possession of a Firearm by a Convicted Felon.

Enclosed please find a copy of the original Parole Commission warrant. **This warrant should be placed as a detainer.** A dispositional review was completed in March 1999 and the detainer was ordered to stand. **Upon completion of the current federal sentence, the warrant should be executed and the Parole Commission notified** *immediately*.

Please contact me at (301) 492-5821, ext. 105 if you have any questions.

Sincerely,

Tiffany R. Moore
Case Analyst Trainee

TRM

WA-10

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name: BINTZLER, Kirk E.

Register Number: 01938-089      Institution: Waupun Correctional Insitution
State Number: 116149

In the case of the above-named, the following parole action was ordered:

Let the Detainer Stand.

THE ABOVE DECISION IS NOT APPEALABLE.

ATTN: Waupun Correctional Institution
P.O. Box 351
Waupun, WI 53963

cc: Michael R. Burth
Attorney at Law
W501 Honeycreek Rd.
Burlington, WI 53105

Chicago CCM
200 West Adams
Suite 2915
Chicago, IL 60606

WA-11

Date: March 19, 1999      Clerk: trw

Page 1 of 1