# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1293 | **DATE** | May 2, 2008 |
| **CASE TITLE** | Kirk E. Bintzler (09138-089) v. United States Parole Commission | | |

**DOCKET ENTRY TEXT:**

Petitioner Kirk Bintzler has filed an amended 28 U.S.C. § 2241 petition and has paid the $5.00 filing fee. The respondent is ordered to answer the amended petition or otherwise plead within twenty-one days of the date this order is entered on the docket. On the court's own motion, Metropolitan Correctional Center Warden Eric Wilson is dismissed as a respondent; the United States Parole Commission shall be the only respondent. The plaintiff's motion for the production of documents [10] is denied as premature. However, the respondent shall provide to the Court and the petitioner the documents necessary for addressing the instant petition. The petitioner's motion and supplemental motion for an expedited hearing [11], [13] are denied. The clerk is directed to send to the United States Attorney's Office for the Northern District of Illinois a copy of this order, the amended petition [9], and petitioner's motions [10], [11], [13].

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

    The petitioner, Kirk Bintzler (01938-089), a federal prisoner currently incarcerated at Metropolitan Correctional Center (MCC), has filed a *pro se* amended petition for a writ of habeas corpus relief pursuant to 28 U.S.C. § 2241. The petitioner challenges the validity of a detainer issued by the United States Parole Commission on March 21, 1994, which the petitioner contends is prohibiting his release from federal custody to a halfway house in Milwaukee, Wisconsin. The petitioner has paid the statutory filing fee.

    The petitioner previously has raised several collateral challenges, under both 28 U.S.C. § 2255 and 28 U.S.C. § 2241, with respect to the calculation of his federal sentence. *See Bintzler v. Gonzales*, 239 Fed.Appx. 271, 2007 WL 1804400 (7th Cir. June 21, 2007) (unpublished); *Bintzler v. Zuercher*, No. 07-1088 (C.D. Ill. Dec. 12, 2007). However, it is unclear whether the petitioner previously challenged the validity of the detainer that is the subject of the instant petition. Accordingly, the respondent is ordered to answer the petition or otherwise respond within twenty-one days of the date this order is entered on the docket. The respondent should provide this Court and the petitioner with the necessary documentation to address the issue of the detainer, including any prior judgments, if this issue has been addressed before. *See* Rule 5 of the Rules Governing 28 U.S.C. § 2255 and § 2254 Cases.

    The proper respondent for this case appears to be the United States Parole Commission, as the issuer of the detainer, as opposed to the warden of the MCC, where the petitioner is currently incarcerated. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973); *Rumsfeld v. Padilla*, 542 U.S. 426, 437-38 (2004) (when the challenge is to a future sentence, the proper respondent is the entity which exercises legal control with respect to the challenged custody). According to the petitioner's pleadings in this case, the United States Parole Commission issued the detainer, and is thus the proper respondent. Eric Wilson, warden of Metropolitan Correctional Center is dismissed as a respondent.

isk

**STATEMENT (continued)**

    The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the United States Attorney's Office, 219 S. Dearborn St., Suite 500, Chicago, IL 60604. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.