# AMENDED PETITION FOR WRIT OF HABEAS CORPUS
## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**PERSONS IN FEDERAL CUSTODY**

FILED
MAY 2, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
APR 10 2008
Apr 10 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KIRK E. BINTZLER, # 01938-089 )
(Full name and prison number) )
(Include name under which convicted) )
Petitioner, )

v. )

ERIC WILSON, MCC-CHICAGO, et. al. )
(Name of Warden, Superintendent, )
Jailor, or authorized person having )
custody of petitioner) )
(U.S. Parole Comm.)Respondent.(s). )

08 cv 1293

Case No: 08-cv-1293
(To be supplied by Clerk)

If petitioner is serving a sentence under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.

Revised: 1/25/05

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: <u>Not ("N/A") applicable; judical review of U.S. Parole Commission action.</u>

2. Date of judgment of conviction: <u>N/A</u>

3. Length of sentence: <u>10 Years</u>

4. Nature of offense involved (all counts with indictment number of each, if known):
   N/A

5. What was your plea? (Check one)
   (A) Not Guilty          ( )
   (B) Guilty              ( )
   (C) Nolo Contendere     ( )
   N/A Review is limited to Commission's actions only.
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. Kind of trial: (Check one)

   (A) Jury               ( )
   (B) Judge only         ( )
   N/A Commission entered parole violator warrant 3/21/94.

7. Did you testify at trial?

   Yes ( )        No ( )   N/A

8. Did you appeal from the judgment of conviction or imposition of sentence?

   Yes ( )        No ( ) N/A

   (A) If you did appeal, answer the following:

       (1) Name of court: _____

  (2) Result: _____

  (3) Date of result: _____

  (4) Issues raised: _____

    _____

9. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions pursuant to 28 U.S.C. § 2255 with respect to this judgment in any federal court?

  Yes ( )  No (✗) N/A only challening 3/21/94, Warrant/Detainer.

10. If your answer to question (9) was YES, give the following information:

 (A) (1) Name of court: _____

   (2) Nature of proceeding: _____

    _____

   (3) Grounds raised: _____

    _____

    _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?

    Yes ( )  No ( )

   (5) Result: _____

   (6) Date of result: _____

 (B) As to any second petition, application, or motion, give the same information.

   (1) Name of court: _____

   (2) Nature of proceeding: _____

    _____

    (3)    Grounds raised: _____

_____

_____

    (4)    Did you receive an evidentiary hearing on your petition, application or motion?

            Yes  ( )        No  ( )

    (5)    Result: _____

    (6)    Date of result: _____

(C)    As to any third petition, application, or motion, give the same information.

    (1)    Name of court: _____

    (2)    Nature of proceeding: _____

_____

    (3)    Grounds raised: _____

_____

_____

    (4)    Did you receive an evidentiary hearing on your petition, application or motion?

            Yes  ( )        No  ( )

    (5)    Result: _____

    (6)    Date of result: _____

(D)    Did you appeal the result to the federal appellate court having jurisdiction?

    (1)    First petition, etc.       Yes  ( )   No  ( )
    (2)    Second petition, etc.   Yes  ( )   No  ( )
    (3)    Third petition, etc.    Yes  ( )   No  ( )

(E)    If you did <u>not</u> appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

_____

_____

11. If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

    28 U.S.C. § 2255 provides no jurisdiction to challenge the filing of the U.S. Parole Commission's Warrant/Detainer, Case # 87-CR-107, with the Federal Bureau ("BOP") of Prisons to withhold the petitoner's release on June 29, 2008. On 28 U.S.C. § 2241 as determined by the 7th Circuit is applicable to challenge the decision(s) of the U.S. Parole Commission after exhaustion of administrative remedies (EX.-H-1), pursuant to the Substantive and Procedural Provisions of the Fifth Amendment.

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same. You should raise in this petition all available grounds for relief which relate to the conviction under attack. Failure to do so may bar you from presenting additional grounds at a later date. Commission regulation § 2.46 (c) confirms the warrant of 3/21/94 expired on or about 23rd day of August 1997.

    (A) Ground one: _____
    Supporting FACTS (tell your story briefly without citing cases or law):

    Exhibit H-5, attached Parole Commission regulation 2.26 (c) States:

    " If execution of the warrant is delayed pending disposition of local charges, for further investigation, or for some other purpose, the parolee is to be continued under supervision by the probation officer until the normal expiration of the sentence, or until the warrant is executed, whichever occurs first."

    Petitioner was only subject to a sentence of 10 years in Case # 87-CR-107, that commenced on August 23rd, 1987, and full term expired on August 23rd, 1997. Therefore, any action taken after this date by the Commission was taken, without Jurisdiction to act by the Commission's own regulations.

(B) Ground two: Substantive and Procedureal Due Process of Law requirement requires the quashing of the Commissions 3/21/94, Warrant upon the failure of the Comm. to hold - final revocation hearing(s) timely.

Supporting **FACTS** (tell your story briefly without citing cases or law):

Exhibit H-6, Regulation § 2.47 (1), (2):   (Ex. H-1-A-BOP Custody 4/20/04)

" If the prisoner is serving a new sentence in a federal institution, a revocation hearing shall be scheduled within 120 days of notification of the placement of the detainer...(2) If the prisoner is serving a new sentence in a state or local institution, the violation warrant shall be reviewed by the Regional Commissioner not later than 180 days."

Exhibit H-1, the Commissions notice of action, indicates the Commission initial review did not take place unitl 1999, years after the mandated 120, 180 days respectively for the Commission to obtain jurisdiction upon its own regulations to act to revoke petitioner's parole status.  Furthermore, the Commission has never acted pursuant to these regulations upon entry into federal custody on April 20, 2004, to hold a constitutionally correct hearing under the Fifth Amendmendment as witnessed by Exhibits H2, H3, 3-A, 3-B, and 4, that display the petitioner has acted in good faith to have the matter resovled with the Commission through the BOP, Commission representatives, Parole Officer since Aug. 2007. Due process of law requires the warrant be quashed to protect the petitioner's release date of 6/29/08 ; pursuant to § 2.47(b)(1)(2).

(C) Ground three:

Supporting **FACTS** (tell your story briefly without citing cases or law):

Exhibit H-7, Commission regualtion 2.47. (b)(1) (2), provides:

" If the prisoner is serving a new federal sentence, the Regional Commissioner following dispositional review, may: (1) withdraw the warrant, and either order reinstatement of the parolee to supervision upon release form confinement or close the case if expiration has passed."   Since the Commission has taken no action in compliance with petitioner's due process of law rights, to date even consistant with the above regualtion(s) it can not be said the Commission has or is acting in according to law or the U.S. Constitution for the reviewing court to not immediately quash the warrant.

(D) Ground four: Due Process of Law requires petitioner's immediate - release by BOP to Community Corrections Center pursuant to 2.47 (b)(e)(1), 2.20-03D:

Supporting **FACTS** (tell your story briefly without citing cases or law):

Exhibit H-7, 2.47. (b) (e) (1) provides: " A parole violator whose parole is revoked shall be given credit for all time in federal, state or local confinement on a new offense for purpose of satisfaction of the reparole guidelines at 2.20 and 2.21...[H-8] " 2.20-03 D; " Parole violators (reparole consideration) In reparole cases, count as time in custody any time spent in actual physical custody (whether state or federal) as result of the actions leading to parole violation. [Example : A parolee is convicted of state charge of forgery and spends 10 months in state custody; he is in federal custody an additional 2 months at the time of his revocation hearing. Time in custody for reparole guidelines purpose is 10 & 2 = 12 months.]."

The foregoing regulations confirm even if the court allowed the Commission to hold a revocation hearing 14 years after the fact, disregarding the Commissions regulations the warrant expried on its face in 1997, the Commission failed to hold a required final revocation hearing within 120, 180 days respectively. The warrant is staisfied due to the petitioner serving continued custody in both state and or federal prison, since 3/16/94, well -inexcess of 1400 days, owed!

13. Has any ground set forth in question (12) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any petition, motion or application.

        Yes ( )        No ( X )

14. If you answered "**YES**" to question (13), state briefly what grounds were previously presented, and name the proceedings in which each ground was raised:

_____

_____

15. Do you have any petition or appeal now pending in any federal court, as to the judgment under attack?

        Yes ( )        No ( )  N/A Constitutional challenge to 3/21/94, U.S. Parole Comm. Warrant.

  (A)  If yes, state the name of the court and the nature of the proceeding.

_____

_____

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

  (A)  At preliminary hearing: _____

  (B)  At arraignment and plea: _____

  (C)  At trial: _____

  (D)  At sentencing: _____

  (E)  On appeal: _____

  (F)  In any post-conviction proceedings: _____

  (G)  On appeal from any adverse ruling in a post-conviction proceeding:

_____

17. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

        Yes ( )        No ( )

Revised: 1/25/05

18. Do you have any future sentence to serve after you complete the sentence imposed by judgment under attack?

        Yes ( )        No ( X )

(A) If **YES**, give the name and location of the court which imposed sentence to be served in the future:

_____

(B) And give the date and length of sentence to be served in the future

_____
_____
_____

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

_____
Signature of Petitioner

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on April 7, 2008
                   (Date)

_____
(Signature of Petitioner)

Kirk Bintzler, # 01938-089
(Mailing Address for Petitioner)
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Illinois 60605

Revised: 1/26/05

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name: BINTZLER, Kirk E.

Register Number: 01938-089        Institution: Waupun Correctional Insitution
State Number: 116149

In the case of the above-named, the following parole action was ordered:

Let the Detainer Stand.

THE ABOVE DECISION IS NOT APPEALABLE.

ATTN:   Waupun Correctional Institution
        P.O. Box 351
        Waupun, WI 53963

cc:     Michael R. Burth
        Attorney at Law
        W501 Honeycreek Rd.
        Burlington, WI 53105

        Chicago CCM
        200 West Adams
        Suite 2915
        Chicago, IL  60606

Date: March 19, 1999                                    Clerk: trw

                        Page 1 of 1            (Exhibit H-1)

United States Marshals Service

Eastern District of Wisconsin

***LIMITED OFFICIAL USE***

517 E. Wisconsin Ave., Suite 38
Milwaukee, WI 53202

TO: Federal Bureau of Prison
ATTN: CCM
200 W. Adams, Suite 2915
Chicago, IL 60606

FROM: U.S. Marshals Service, E/WI:

RE: REQUEST FOR DESIGNATION: xxx

FOR YOUR INFORMATION: _____

NAME: BINTZLER, Kirk E.

NUMBER: 01938-089

OFFENSE: Felon - Firearm

SENTENCE: 75 mos

REMARKS: State of Wisconsin releasing to federal detainer on 4/20/2004
WI Inmate No. 116149-A

U.S. Parole Commission warrant dated 3/21/1994

Subject to be picked up by USMS Madison from Wisconsin Secured
Detention in Boscobel, WI.

Date Submitted: 3/23/2004

UNITED STATES MARSHALS SERVICE
This report is the property of the
United States Marshals Service
neither it nor its contents may be
disseminated outside the agency
to which loaned.

***LIMITED OFFICIAL USE***

(Exhibit H-1-A)

Kirk Bintzler   01938-089
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Il.  60605


January 28, 2008


Fredrick Robinson   Probation Officer
U.S. District Court,
Parole and Probation Department
517 East Wisconsin Ave.
Milwaukee, Wi.  53202


Dear Fred:

You can see by enclosures from the U.S. Parole, that the Commission Warrant/Detainer of 3-21-94, has caused my Milwaukee halfway house placement to be delayed by at least 30 days. This is the same warrant you applied for in March of 1994. All efforts to date have been unsuccessful on contact with the Commission to get this matter resolved by closing out the warrant pursuant to (e)(1) page 104 section D; page 67's, provisions; due to fact I have in excess of 3 times the 14,000 days in either State or Federal Custody, on the face of the information on the warrant; To allow closure. Please read over material to confirm this and if possible contact some one with authority in the Commission to remove the detainer/warrant and or reply in writing to me.

The Commission is aware of their own requirement but refuse to remove detainer/warrant so I can immediately apply with the U.S. District Court via 28 U.S.C. 2241, for an order quashing the warrant and allowing my immediate release to halfway house. I have been attempting to and will continue to call to cover the matter in more detail with you, in case this information is insufficient to process my request.

Should you choose to assist and want to expedite the matter please call my Unit Manager Mr. Schnake or Counselor Mr. Jaloweic, at 312-322-0567, to set a phone conference between us, at a set time and date, that meets your schedule.

Thank you in advance for your assistance with this matter.


Respectfully

*[signature]*
Kirk Bintzler                                                              (Exhibit H-2)


cc:  file

August 15, 2007


To: Shelly Witenstein
    Case Services Administrator
    U.S. Parole Commission
    5550 Friendship Blvd, Suite 420
    Chevy Chase, Md. 20815

Fr: Kirk Bintzler
    Reg. No. 01938-089
    Pekin F.C.I.
    P.O. Box 5000
    Pekin, Illinois 61555-5000

Re: Problems with case management processing and termination
    of U.S. Parole Commission Warrant issued 3/21/04, Parole.


Administrator Witenstein:

   In the process of my out-processing for placement in a Community Corrections Center in December 2007, my Unit Team(via BOP operations directives)did a follow-up on the foregoing Warrant/Detainer that has been lodged here at Pekin Federal Correctional Institution for over 3 years, with an un-named party to me(who is a member of your office) that contained the following reply, to the extent it was copied verbatum, by Case manager McMahan of Missouri Unit Team:

   "   I contacted the USPC and they responded with:
        The commission's warrant issued 3-21-04 will
        remain a detainer until the subject completes
        the current federal sentence next year.  At
        that time your ISM will execute the parole war-
        rant and fax a copy to this office.  We will then
        review the case and request designation for his
        parole violation hearing.  ( Sometimes they remain
        at the current facility and sometimes these cases
        are transfered to OKL or PHL).  If he remains at
        PEK you will need to find out if he wants a court-
        appointed counsel for the revocation hearing and
        have that matter taken care of prior to the hearing
        docket. "

   This is inconsistent with the facts of the mangement of the case history and the provisions of the U.S Parole Commission's Manual that require immediate corrective action of supervisory personnel of your office on the following correct set of facts:

(1)

(Exhibit H-3)

1). Per § 2.47-02 (b) of the U.S. Parole Commission Manual I have already received a dispositional review hearing, while incarcerated in the State of Wisconsin's Waupun Correctional Institution, located at Waupun, Wisconsin;

2). My appointed counsel at the proceeding was attorney Michael Barth of Burlington, Wisconsin ( these facts if missing from my file my be additionally obtained by contacting your in-house legal counsel Sharon Gervasoni ) who processed the commission's paperwork on the matter;

3). The hearing occured in the late 1990's with several due process of law objections be made at the time including the fact the commission actions violated the provision the hearing was mandated to take place within the 180 days as prescribed;

4). The final up-shot of the party hearing the matter was the Commission was aware of the fact I would sometime in the future be entering federal custody on Case # 94-CR-87, E.D. of Wisconsin and at that point I would receive a final revocation hearing if my sentence have not expired pursuant to provision(s) § 2.46 (c), 2.47 (a) (1), (a) (2), (b) (2), (c) (1) and (3) (e) (1).

5). Since that hearing I have never received any form of an inquire much less a formal hearing allowing discharge;

6). I have repeatedly inquired with members of my Unit Team over the years ( per my understanding of contact rules of the commission on personally speaking to an inmate outside of an offically recorded hearing ) to have follow-up E-mails, faxes and or phone conversations to ascertain a certificate of discharge from your commission pursuant to your rules on issuance;

7). No one ( other than Mr. McMahan on 8/8/07 ) from my Unit Team or the Parole Commission has acted on my inquires;

8). However, on 8/13/07, I was assured by the Pekin CMC that the Missouri Unit Team acting in accord with BOP provisions would be making assisting inquires with Ms. Girard of Pekin ISM to certify I have several times over served 1400 days to allow discharge pursuant to § 2.47 (3) (e) (1) to your office in aid of resolution of this matter and placement in the CCC by the December target date by my Unit Team;

9). I have rerequested the team make commission contact to assert pursuant to BOP/Commisssion provisions and in the interest of justice and judical economy resolution should be acted upon immediately to issue a nunc pro tunc discharge and or any other procedure allowing CCC processing immediately.

(2)    (Exhibit H-3-A)

10). I have also instructed the Unit Team to release any relevant ( I am additionally requesting per Commission regulations, codes the release of information also ) information as to the Unit Teams recomendantion for the six month placement in a CCC in Milwaukee, Wisconsn and related warrant/detainer Parole Commission information to Senator Fiengold ( or his staff ) of Wisconsin and or Reporter Joel Despain of Channel 3 news of Madison, Wisconsin ( who reported a story on Restoritive Justice of Wisconsin and my participation of assistance to crime victims in the state and local areas of Wisconsin ) or Citizens' for a better government.

11). The Commission's warrant/detainer has been outstanding for over 13 plus years;

12). I have been in exclusive federal custody/BOP custody since ( April 20, 2004, Marshal's Service ) May 10th, 2004, with no resolution of this matter.

In closing on an extra matter I received a quadruple bypass surgery on April 18th, 2007, that would prohibit normal Marshal's air transport ( requiring private costly air transport to the locations indicated in the Commission response to the inquire of Case Manager McNahar Of removal of the warrant/detainer) to the named locations outside of Pekin Correctional Institution.

Therefore, I request the Commission if possible note to the BOP the Commission has no objection of my remaining at Pekin Correctional Institution for any related hearing prior to or after my release on Case No. 04-Cr-91, the extent of my current incarceration here at Pekin FCI, in any responding communications to my Unit Team or myself on this matter.

Whatever the Commission position on the foregoing facts I request the Commission take action by the end of August to assure I have sufficient time to process through the court system for an issuance of a Writ of Mandamus and or Habeas Corpus to assure compliance with federal law, and my intergration into society in a manner consistant with my needs and that of the public.

Thank you in advance for your assistance processing this matter no matter what the resolution is!

Sincerely,
Kirk Bintzler
Kirk Bintzler
cc/file
Senator Fiengold
Joel Despain
Citizens for a Better Government
With attachments

(Exhibit H-3-B)

BP-S148.055  **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                  FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Acting Warden young | DATE: September 10, 2007 |
|---|---|
| FROM: Kirk Bintzler | REGISTER NO.: 01938-089 |
| WORK ASSIGNMENT: Recreation | UNIT: Mo.-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

My understanding is the U.S. Parole Commission's Regional Repesentative is scheduled to appear at Pekin Correctional Institution on 9/11/07. Per the attachments to Case Manager McMahan, I have been working on removal of the erroneous detainer of 3/21/94, by the Commission through BOP/Commission Policies and Procedures. However, Mr. McMahan ( see attached request to staff ) has stated the BOP/himself is no longer willing and or able to assit me with Commission contact to resolve this matter to meet my CCC placement in Dec. of 07. I therefore, request you your staff inform the Commission representative I would like to personally appear before him/her to cover the matter of removal of warrant and or status of 8/15/07, letter to Case Administrator Witenstein, and or personall pass along the case law, other relevant information on release directly to a Commission represent- (Do not write below this line) ative. Thank You!

DISPOSITION:

(Exhibit H-4)

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86

on the warrant application to permit forfeiture of street time. Note: A letter of reprimand is not a prerequisite to forfeiture of street time under 28 C.F.R. 2.52(c)(2) if parole is subsequently revoked.

### §2.45 SAME; YOUTH OFFENDERS.

(a) In addition to the issuance of a summons or warrant pursuant to §2.44 of this part, the Commission or a member thereof, when of the opinion that a youth offender will be benefitted by further treatment in an institution or other facility, may direct his return to custody or issue a warrant for his apprehension and return to custody.

(b) Upon his return to custody, such youth offender shall be scheduled for a revocation hearing.

### §2.46 EXECUTION OF WARRANT AND SERVICE OF SUMMONS.

(a) Any officer of any Federal correctional institution or any Federal officer authorized to serve criminal process within the United States, to whom a warrant is delivered, shall execute such warrant by taking the parolee and returning him to the custody of the Attorney General.

(b) On arrest of the parolee the officer executing the warrant shall deliver to him a copy of the Warrant Application listing the charges against the parolee, the applicable procedural rights under the Commission's regulations and the possible actions which may be taken by the Commission.

(c) If execution of the warrant is delayed pending disposition of local charges, for further investigation, or for some other purpose, the parolee is to be continued under supervision by the probation officer until the normal expiration of the sentence, or until the warrant is executed, whichever first occurs. Monthly supervision reports are to be submitted, and the parolee must continue to abide by all the conditions of release.

(d) A summons to appear at a preliminary interview or revocation hearing shall be served upon the parolee in person by delivering to the parolee a copy of the summons. Service shall be made by any Federal officer authorized to serve criminal process within the United States, and certification of such service shall be returned to the Commission.

*Notes and Procedures*

**2.46-01** *Applicability of Notes and Procedures Accompanying § 2.212.* All Notes and Procedures accompanying § 2.212 apply.

**2.46-01.** *Execution of Warrant by Warden in the Case of New Federal Sentence.* When an alleged violator receives a new federal sentence prior to revocation by the Commission, the warrant is filed with the institution and placed as a detainer. A copy of the warrant application is given to the alleged violator at this time. When released from the new sentence (or prior thereto, if ordered by the Regional Commissioner as a result of a dispositional review), the warrant is executed by taking the alleged violator into custody on the warrant. If no dispositional revocation hearing has been conducted, the prisoner at this time is also provided with an Attorney-Witness Election Form (Form I-16) on which he signifies whether he desires an attorney or witnesses at the hearing. He is also provided with a CJA Form 22, on which he may request a court-appointed attorney, or waive the opportunity.

### §2.47 WARRANT PLACED AS A DETAINER AND DISPOSITIONAL REVIEW.

(a) When a parolee is serving a new sentence in a federal, state or local institution, a parole violation warrant may be placed against him as a detainer.

(1) If the prisoner is serving a new sentence in a federal institution, a revocation hearing shall be scheduled within 120 days of notification of placement of the detainer, or as soon thereafter as practicable, provided the prisoner is eligible for and has applied for an initial hearing on the new sentence, or is serving a new sentence of one year or less. In any other case, the detainer shall be reviewed on the record pursuant to paragraph (a)(2) of this section.

*before execution of the warrant].*

(b) The U.S. Marshal is to be instructed in a letter forwarding the Notice of Action to draw a diagonal line through the entry indicating execution of the warrant, and to attach a clean copy of the reverse side of a Commission warrant (provided by the Commission) to the back of the original warrant.

■ 2.46-04. *Calculating Possible Violator Term.*

Upon receiving notification that a parole violator warrant has been executed, the analyst shall promptly review the case to determine the amount of time remaining before the full term expiration date of the sentence. If less than six months remain to be served at the time of warrant execution, the following precautions shall be taken:

(a) If there is no possibility of street time forfeiture or if the amount of street time tentatively subject to forfeiture plus the time remaining to be served at the time of warrant execution totals less than six months, the Regional Commissioner shall request the Bureau of Prisons (by letter or telefax): (1) to calculate an adjusted mandatory release date [assuming forfeiture of any street time tentatively subject to forfeiture]; (2) to promptly notify the Commission of such adjusted mandatory release date; and (3) to automatically release the prisoner on such adjusted mandatory release date if the prisoner is in a Bureau of Prisons facility, unless the Commission in the meantime orders a different release date.

(b) If the prisoner is in U.S. Marshals' custody, the Marshal shall be notified by letter or telefax signed by the Regional Commissioner that the prisoner may not be held in custody beyond the adjusted mandatory release date provided by the Bureau of Prisons. The analyst shall follow up to ensure release by such date.

(c) The Commission shall take all feasible steps to ensure that the revocation decision is made and communicated to the Marshal's Service and/or Bureau of Prisons before the adjusted mandatory release date.

■ §2.47 **WARRANT PLACED AS A DETAINER AND DISPOSITIONAL REVIEW.**

(a) When a parolee is serving a new sentence in a federal, state or local institution, a parole violation warrant may be placed against him as a detainer.

(1) If the prisoner is serving a new sentence in a federal institution, a revocation hearing shall be scheduled within 120 days of notification of placement of the detainer, or as soon thereafter as practicable, provided the prisoner is eligible for and has applied for an initial hearing on the new sentence, or is serving a new sentence of one year or less. In any other case, the detainer shall be reviewed on the record pursuant to paragraph (a)(2) of this section.

(2) If the prisoner is serving a new sentence in a state or local institution, the violation warrant shall be reviewed by the Regional Commissioner not later than 180 days following notification to the Commission of such placement. The parolee shall receive notice of the pending review, and shall be permitted to submit a written application containing information relative to the disposition of the warrant. He shall also be notified of his right to request counsel under the provisions of §2.48(b) to assist him in completing this written application.

(b) If the prisoner is serving a new federal sentence, the Regional Commissioner, following a dispositional record review, may:

(1) Pursuant to the general policy of the Commission, let the warrant stand as a detainer and order that the revocation hearing be scheduled to coincide with the initial hearing on the new federal sentence or upon release from the new sentence, whichever comes first;

(2) Withdraw the warrant, and either order reinstatement of the parolee to supervision upon release from confinement or close the case if the expiration date has passed.

(c) If the prisoner is serving a new state or local sentence, the Regional Commissioner, following a dispositional record review may:

(Exhibit H-6)

3/1/01 Page 124

(2) If the prisoner is serving a new sentence in a state or local institution, the violation warrant shall be reviewed by the Regional Commissioner not later than 180 days following notification to the Commission of such placement. The parolee shall receive notice of the pending review, and shall be permitted to submit a written application containing information relative to the disposition of the warrant. He shall also be notified of his right to request counsel under the provisions of §2.48(b) to assist him in completing this written application.

(b) If the prisoner is serving a new federal sentence, the Regional Commissioner, following a dispositional record review, may:

(1) Pursuant to the general policy of the Commission, let the warrant stand as a detainer and order that the revocation hearing be scheduled to coincide with the initial hearing on the new federal sentence or upon release from the new sentence, whichever comes first;

(2) Withdraw the warrant, and either order reinstatement of the parolee to supervision upon release from confinement or close the case if the expiration date has passed.

(c) If the prisoner is serving a new state or local sentence, the Regional Commissioner, following a dispositional record review may:

(1) Withdraw the detainer and order reinstatement of the parolee to supervision upon release from custody, or close the case if the expiration date has passed.

(2) Order a revocation hearing to be conducted by a hearing examiner or an official designated by the Regional Commissioner at the institution in which the parolee is confined.

(3) Let the detainer stand and order further review at an appropriate time. If the warrant is not withdrawn and no revocation hearing is conducted while the prisoner is in state or local custody, an institutional revocation hearing shall be conducted after the prisoner's return to federal custody.

(d) Revocation hearings pursuant to this section shall be conducted in accordance with the provisions governing institutional revocation hearings, except that a hearing conducted at a state or local facility may be conducted by a hearing examiner, hearing examiner panel, or other official designated by the Regional Commissioner. Following a revocation hearing conducted pursuant to this section, the Commission may take any action specified in §2.52.

(e)(1) A parole violator whose parole is revoked shall be given credit for all time in federal, state, or local confinement on a new offense for purposes of satisfaction of the reparole guidelines at §2.20 and §2.21.

(2) However, it shall be the policy of the Commission that the revoked parolee's original sentence (which due to the new conviction, stopped running upon his last release from federal confinement on parole) again start to run only upon release from the confinement portion of the new sentence or the date of reparole granted pursuant to these rules, whichever comes first. This subsection does not apply to cases where, by law, the running of the original sentence is not interrupted by a new conviction (e.g., YCA; NARA; Mexican or Canadian treaty cases).

(f) If a Regional Commissioner determines that additional information is required in order to make a decision pursuant to paragraph (a)(2) of this section, he may schedule a dispositional hearing at the state or local institution where the parolee is confined to obtain such information. Such hearing may be conducted by a hearing examiner, hearing examiner panel, or other official designated by the Regional Commissioner. The parolee shall have notice of such hearing, be allowed to testify in his behalf, and have opportunity for counsel as provided in §2.48(b).

(Exhibit H-7)

Action would therefore state that the prisoner is continued to a date that will require a total service of [ ] months in combination with a consecutive sentence requiring [ ] months in custody. If the consecutive sentence is subsequently vacated or modified by the sentencing court, the Commission will reopen the case to reconstruct its original plan by setting a new release date.

C. *Probation Revocation Cases.* Credit any time spent in actual physical custody (federal or state) for any offense considered in assessing offense severity. If a prisoner is received as a probation violator from a split sentence, also credit the months spent in federal custody prior to being placed on probation.

D. *Parole Violators (Reparole Consideration).* In reparole guideline cases, count as time in custody any time spent in actual physical custody (whether state or federal) as a result of the actions leading to parole violation. [Example: A parolee is convicted of a state charge of forgery and spends 10 months in state custody; he is in federal custody an additional 2 months at the time of his revocation hearing. Time in custody for reparole guideline purposes is 10 + 2 = 12 months.]

§2.20-04. *Offense Severity Rating.*

A. In applying the guidelines, the offense severity rating shall reflect the overall circumstances of the present offense behavior. Select the offense rating appropriate to the actual offense behavior that occurred. The severity rating must be explained on the Notice of Action Worksheet (in the space provided) by a brief summary of the specific facts that justified the rating. 28 C.F.R. 2.19(c) provides: "The Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond. If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability."

B. Information in the file describing offense circumstances more severe than reflected by the offense of conviction (for example, information contained in a count of an indictment that was dismissed as a result of a plea agreement) may be relied upon to select an appropriately higher severity rating only if such information meets the standard indicated in 28 C.F.R. 2.19(c). The normal indicants of reliability are (a) the report is specific as to the behavior alleged to have taken place; (b) the allegation is corroborated by established facts; and (c) the source of the allegation appears credible. The prisoner is to be informed of the allegation at the hearing and given an opportunity to respond. An allegation that is vague, unsupported, or comes from an unreliable source should not be considered. Cases requiring further information or verification may be referred to the Commission's Office.

C. The Commission's consideration of aggravating offense circumstances in applying its guidelines has been approved in the following cases: *Zannino v. Arnold,* 531 F.2d 687 (3d Cir. 1976) [allegation that offense was a "large-scale conspiracy" committed in an "unusually sophisticated" manner]; *Brown v. Lundgren,* 528 F.2d 1050 (5th Cir. 1976) [circumstances not given in the opinion but involved pattern of on-going criminal behavior and multiple separate offenses]; *Grattan v. Sigler,* 525 F.2d 329 (9th Cir. 1975) [allegation that the prisoner was a "ringleader"]; *Foddrell v. Sigler,* 418 F.Supp. 324 (M.D. Pa. 1976) ["sophisticated operation involving large amounts of heroin"]; and *Blancone v. Norton,* 421 F.Supp. 1044 (D. Conn. 1976) [multiple separate offenses]; and in the cases cited below. Similarly, Commission's consideration of unadjudicated offenses has been approved in the following cases: *Billiteri v. United States Board of Parole,* 541 F.2d 938 (2d Cir. 1976) [offense rated as extortion based on information in the pre-sentence report; the Court specifically rejected the contention that the Government's acceptance of a plea restricted to the conspiracy charge was a bar to the Commission from considering the actual offense behavior]; *Bistram v. U.S. Parole Board,* 535 F.2d 329 (5th Cir. 1976) [Commission relied upon dismissed count of kidnapping notwithstanding bargained plea to bank robbery only]; *Lupo v. Norton,* 371 F.Supp. 156 (D. Conn. 1974) [prisoner convicted of conspiracy to transport stolen goods was alleged to have committed robbery to obtain same]; and *Manos v. U.S. Board of Parole,* 399 F.Supp. 1103 (M.D. Pa. 1975). [Prisoner pleaded guilty to two counts of filing false tax reports involving less than $20,000 but Commission considered entire 22-count indictment charging a total defrauding of $150,000]. These decisions have accorded to the Parole Commission the same scope of discretion as that exercised by the sentencing courts. As stated in *Billiteri,* supra, at 444: "If therefore, the sentencing judge is not limited to a consideration of only that criminal conduct of the defendant that is related to the offense for which he was convicted, the Parole Board, which is concerned with all facets of a prisoner's character, make-up and behavior, is a fortiori, certainly entitled to be fully advised of the contents of the presentence report and to use it in giving an offense severity rating and for such other purposes as it finds necessary and proper..."

§2.20-05. *Decisions Outside the Guidelines*