UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIRK E. BINTZLER, #01938-089 )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES PAROLE COMMISSION, )<br>)<br>Respondent. ) | No. 08 C 1293<br><br>Judge Kendall |

**UNITED STATES PAROLE COMMISSION RESPONSE TO
PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, on behalf of the United States Parole Commission, hereby responds to petitioner's amended petition for writ of habeas corpus.

**Statement of Facts**

On January 5, 1988, the U.S. District Court for the Eastern District of Wisconsin sentenced petitioner to 10 years in prison for possession of a firearm by a convicted felon. Exhibit A, Bureau of Prisons Sentence Monitoring Computation Data. After it conducted a parole hearing for petitioner, the U.S. Parole Commission decided to deny parole and continue petitioner to expiration, *i.e.*, until the mandatory release date. Exhibit B, Notice of Action.

Petitioner was released on July 29, 1993, pursuant to 18 U.S.C. § 4163, and was to remain under the jurisdiction of the U.S. Parole Commission "as if on parole" until the expiration of the maximum term less 180 days on March 9, 1997. Exhibit C, Certificate of Mandatory Release. At the time of his release, 1499 days remained on petitioner's sentence. *Id.*

On March 21, 1994, the Parole Commission issued a warrant for petitioner after it had been informed that he had been charged with committing burglary, theft, and fraud, and that when police arrested him for these charges on March 16, 1994, he was in possession of a handgun and a stun gun. Exhibit D, Warrant and Warrant Application.

On May 19, 1994, the Commission was informed that petitioner remained in state custody pending a jury trial and that there might be additional federal charges filed. Exhibit E.

On June 14, 1994, petitioner was indicted in the U.S. District Court for the Eastern District of Wisconsin on new federal charges for possession of a firearm. Exhibit F. On September 22, 1994, the Commission issued a supplement to its warrant charging petitioner with additional violations related to the new indictment. Exhibit G.

On November 9, 1994, petitioner was sentenced by the U.S. District Court for the Eastern District of Wisconsin to 75 months in prison for unlawful possession of a firearm by a convicted felon. Exhibit H. On December 14, 1994, the Commission issued a supplement to its warrant application with this information. Exhibit I.

On June 21, 1995, following a jury trial, petitioner was found guilty of theft and false statements, and petitioner was sentenced in Milwaukee County Circuit Court to a total of 15 years in prison. Exhibit J. On November 28, 1997, the Commission supplemented the Charge No. 1 on the warrant application with this information. Exhibit K. The Commission's warrant was lodged as a detainer while petitioner served his state sentence.

On September 2, 1998, the Commission advised petitioner, through the Warden at the Waupun Correctional Institution, that it would be conducting a dispositional review of its detainer. Exhibit L. The Commission provided petitioner with a form that he could use to make a statement

that would be considered by the Commission in its review of the detainer. *Id.* at 3. Petitioner was also advised that he could have an attorney appointed to assist him in making the statement to the Commission. *Id.* On September 10, 1998, petitioner responded that he would like an attorney appointed to assist him in making his application to the Commission. Exhibit M. After the Commission was advised that an attorney had been appointed, it forwarded information for the attorney to assist petitioner in preparation of a statement for the Commission's review. Exhibit N. The Commission conducted the review of its detainer and, on March 19, 1999, it issued its decision to let the detainer stand. Exhibit O.

On April 20, 2004, petitioner completed his state sentence, was taken into federal custody to serve his new 75-month sentence, and the Commission's warrant was lodged as a detainer with the Bureau of Prisons. Exhibit A at 2 and 3. When petitioner completes his federal sentence, currently projected to be June 29, 2008, the Commission's warrant will be executed and he will be scheduled for a revocation hearing. *Id.* at 2.

## Claims Presented

Petitioner claims that his 10-year federal sentence expired on August 23, 1997, therefore the Parole Commission does not have jurisdiction to take action after that date. Further, he claims that the Parole Commission's warrant expired on the date that his original federal sentence expired.

Petitioner also claims that the Parole Commission has violated his due process rights by failing to conduct a timely revocation hearing or have him transferred to federal custody to conduct his revocation hearing. Petitioner next claims that he is entitled to relief because the Parole Commission did not conduct a review of its detainer within 180 days of being notified that its warrant had been placed as a detainer. Finally, petitioner claims that with credit for time served in

state and federal custody on his intervening sentences, he has served more time than remained on the balance of his original federal sentence; therefore, he has satisfied the original sentence.

**Argument**

**A.     The Parole Commission Has Jurisdiction to Take Action on its Warrant and Conduct a Revocation Hearing.**

At the time of petitioner's mandatory release from his original sentence, he had 1499 days remaining to be served. Exhibit C. Had petitioner completed supervision without incident, his federal sentence would have expired on September 5, 1997. However, petitioner committed new criminal conduct, and the Parole Commission timely issued a violator warrant on March 21, 1994 before his sentence would have expired. A warrant issued before the expiration of a sentence tolls the running of the sentence and permits execution of the warrant at a later date. *Martin v. Luther*, 689 F.2d 109, 114 (7th Cir. 1982)(Commission retains jurisdiction to revoke parole after expiration of maximum term if warrant issued prior to expiration); *Anderson v. United States*, 898 F.2d 751, 752 (9th Cir. 1990)(issuance of parole violator warrant tolls running of sentence).[1] Therefore, the Commission has jurisdiction to take action in petitioner's case.

**B.     The Commission Is Not Required to Conduct Petitioner's Revocation Hearing While Petitioner Is Serving His State Sentence.**

Petitioner claims that he has a liberty interest in having a parole revocation hearing conducted before he completes his new federal sentence. There is no merit to his claim.

---

[1] Petitioner's reliance on 28 C.F.R. § 2.46(c) is misplaced. This regulation applies only where the "execution of the warrant has been delayed pending disposition of local charges, for further investigation, or for some other purpose." Indeed, the regulation provides for continued supervision of the parolee until the normal expiration of his sentence, but the warrant remains valid after that date. The regulation does not apply to petitioner here because he remained in local and federal custody on new criminal charges.

4

The Parole Commission possesses broad discretion concerning the issuance and disposition of its parole violator warrants. The Commission may issue a warrant or delay issuance of a warrant pending disposition of a criminal charge. 18 U.S.C. § 4213(b). Once it decides to issue a warrant, the Commission may have its warrant executed, or have it held in abeyance awaiting the occurrence of some condition set by the Commission. 18 U.S.C. § 4214(b); *Moore v. Smith*, 412 F.2d 720, 724 (7th Cir. 1969)(Commission has authority to wait until the intervening sentence is complete and then determine whether balance of the original sentence should be served as a penalty for the violation of release); *Hicks v. U.S. Board of Paroles and Pardons*, 550 F.2d 401, 403 (8th Cir. 1977)(no constitutional duty to conduct revocation hearing until parolee is taken into custody as a parole violator). If the parolee has been convicted of a criminal offense committed while on parole, and is serving a new prison sentence, the Commission may place its warrant against him as a detainer.[2] 18 U.S.C. § 4214(b)(1). The Commission also has the discretion to decide when to initiate parole revocation proceedings, so that all relevant information is available to make its decision, or to decide to defer a final decision. *See* 18 U.S.C. § 4214(a)(1)(A)(I); *Moody v. Daggett*, 429 U.S. 78, 87 (1976)(upholding Commission's decision to delay revocation hearing until completion of new sentence which effectively runs the parole violator term consecutively to the new sentence); *Hicks, supra*.

Petitioner's reliance on 28 C.F.R. § 2.47(a)(1) is misplaced. A prisoner serving a new federal sentence is entitled to a revocation hearing within 120 days of the Commission being notified that the detainer has been placed "provided the prisoner is eligible for and has applied for an initial

---

[2] As a mandatory releasee, petitioner is subject to all the requirements that pertain to a parolee. Pursuant to 18 U.S.C. § 4164, prisoners who are mandatorily released under § 4163 are required to complete their sentences "as if released on parole."

hearing on the new sentence, or is serving a new sentence of one year or less." 28 C.F.R. § 2.47(a)(1). Petitioner was not eligible for parole on his 75-year federal sentence; therefore, he was not entitled to a revocation hearing under this regulation.

Further, a revocation hearing conducted before petitioner's release from his new sentences would only result in a decision concerning the status of the detainer and would not result in petitioner being released from custody; therefore, it does not meet the criteria for an interest in gaining full liberty, which invokes the Due Process Clause. *Moody,* 429 U.S. at 89 (Commission has no constitutional duty to conduct revocation hearing until offender is taken into custody as a parole violator); *Hicks*, 550 F.2d at 404 (no liberty interest that demanded a hearing before Commission executed its warrant).

Accordingly, the Commission's decision to delay the execution of its warrant and petitioner's revocation hearing until he is released from his new sentences was well within its authority

### C. Petitioner Is Not Entitled to Relief Based upon Any Delay in the Commission Conducting a Dispositional Record Review Of its Warrant/detainer.

Petitioner claims that the Commission violated his due process rights by failing to conduct a "dispositional review" of its detainer within 180 days of being notified that it had been placed as a detainer, as required by 18 U.S.C. § 4214(b). Although the Commission conducted the review of its detainer after 180 days had passed, petitioner is not entitled to relief in habeas corpus for the violation of a statutory deadline.

Commission regulations provide that for prisoners serving a new federal sentence, following a "dispositional record review," the Commission may: (1) let the detainer stand and order a revocation hearing to be conducted to coincide with the initial hearing on the new federal sentence,

6

provided that the prisoner is eligible for parole on the new federal sentence, or upon release from the new federal sentence; or (2) withdraw the warrant and either order reinstatement to supervision upon release from prison, or close the case if the sentence has expired. 28 C.F.R. § 2.47(b). The process of reviewing the detainer does not involve an in-person hearing, but 18 U.S.C. § 4214(b)(2) provides that an in-person hearing may be conducted if the Commission determines that additional information is needed to review the detainer. The Commission has conducted the required review and decided to let its warrant continue to be lodged as a detainer. Exhibit O. The delay in this review was violation of a statutory deadline, not a due process violation requiring relief. Where a prisoner seeks habeas relief alleging a denial of his statutory or constitutional rights, he must show prejudice to obtain such relief. *Hanahan v. Luther*, 693 F.2d 629, 634-35 (7th Cir. 1982)(to determine whether a delay in a revocation hearing has violated a prisoner's due process rights the court looks to the length of the delay, the reasons for the delay, the prisoner's assertion of his right to the hearing, and the prejudice the prisoner has suffered as a result of the delay); *Page v. U.S. Parole Commission*, 651 F.2d 1083, 1087 (5th Cir. 1981)( absent a showing of prejudice caused by delay, petitioner is not entitled to relief). Petitioner has failed to allege any prejudice that has resulted from the delay in the Commission conducting its review; accordingly, he is not entitled to relief in habeas corpus for a delay in the dispositional review.

Further, petitioner has received the only relief to which he is entitled and this claim is moot. *Bryant v. Grinner*, 563 F.2d 871, 872 (7th Cir. 1977)(remedy for late revocation hearing is to conduct the hearing); *Anderson v. U.S.*, 898 F.2d 751, 752 (9th Cir. 1990) (where Commission conducted the required dispositional record review, prisoner received the only relief to which he was entitled); *Donn v. Baer*, 828 F.2d 487, 491 (8th Cir. 1987)(remedy for Commission's failure to

comply with statutory time limits is not a writ of habeas corpus, but a writ of mandamus to compel compliance).

>   D.  **Petitioner Has Failed to Demonstrate That He Has Been Prejudiced by the Delayed Revocation Hearing .**

Petitioner also claims that the parole violator warrant, which has been lodged as a detainer, prevents him from being released to a halfway house. To the extent petitioner is claiming that the Commission's detainer has caused him prejudice, he has failed. To demonstrate prejudice (which would entitle petitioner to relief in habeas corpus), it is not enough to show that the detainer has imposed some disadvantage; petitioner must show that the detainer has prejudiced his ability to contest the parole violation. *Moody*, 429 U.S. at 87 n.9 (rejecting claim that prisoner was prejudiced because detainer adversely affected his prison classification and qualification for prison programs); *Gaddy,* 519 F.2d at 678 (loss of prison privileges, loss of opportunities to participate in programming, and loss of "gain time" are not evidence of prejudice requiring invalidation of the warrant). In other words, petitioner must demonstrate prejudice that has impaired his ability to contest the parole violation or has had an adverse effect upon his ability to present witnesses or favorable information at his revocation hearing. *Bryant v. Grinner*, 563 F.2d 871, 872 (7th Cir. 1977)(for relief in habeas corpus for a delayed revocation hearing, prisoner must allege that his opportunity to present his case to the Parole Commission was prejudiced by the delay). Petitioner has not shown that the Commission's detainer has prejudiced his ability to contest the violations. In fact, petitioner's convictions for new state and federal crimes that he committed while on mandatory release clearly establishes a violation of the fundamental condition of parole that the parolee *not* violate any law. Moody, 429 U.S. at 89 (where parolee admits to the violation or is

convicted of an offense, it constitutes a parole violation). Therefore, petitioner's state and federal convictions ended his right to contest the corresponding violations at his revocation hearing. *Morrissey v. Brewer*, 408 U.S. 471, 490 (1972)(where parolee has been convicted of an offense while on parole, the only remaining inquiry is whether release is justified notwithstanding the violation).

> **E.  Petitioner Is Not Entitled to Receive Credit Towards the Service of His Original Federal Sentence for the Time That He Served on His State Sentence or His New Federal Sentence.**

Petitioner claims that he is entitled to receive credit towards the service of his original federal sentence for the time that he has served on his new state and federal sentences. He claims that he has already served sufficient time in custody on these other sentences so that the balance of his original federal sentence would be completed. Petitioner is essentially seeking to have the balance of his original federal sentence, 1499 days, run concurrently with his new sentences. There is no basis for petitioner's claims.

Once the Parole Commission has issued a timely warrant, it is the execution of the Commission's warrant that establishes the running of the balance of the original sentence.[3] *Moody*, 429 U. S. at 87 (Commission has discretion to provide for concurrent sentences *nunc pro tunc* after new sentence is completed and revocation hearing is conducted). And the Parole Commission is authorized to determine whether the balance of the original sentence shall run concurrently with, or consecutively to, a new sentence. 18 U. S. C. §4210 (b)(2) (1976).

---

[3] The balance of petitioner's original sentence is 1499 days because, based upon his conviction for a criminal offense that he committed while on mandatory release supervision, he will receive no credit towards the service of his original sentence for the time that he spent on supervision. 28 C.F.R. § 2.52(b)(2).

9

The Commission's regulations provide for the running of the balance of the original sentence consecutively to any intervening sentence. 28 C.F.R. § 2.47(e)(2). A parolee who has been sentenced for an offense that he committed while on parole is *not* entitled to have the balance of the original sentence run concurrently with his new sentence. *Moore v. Smith*, 412 F.2d 720, 724 (7th Cir. 1969)(no obligation to execute warrant during service of intervening sentence order to make two terms concurrent); *Heath v. U.S. Parole Commission*, 788 F.2d 85, 92 (2d Cir. 1986)(Commission authorized to run unexpired federal term consecutively to new sentence despite recommendations of sentencing court).

Petitioner will receive credit towards the service of the re-parole guidelines established at his revocation hearing for the time he served on his new state and federal sentence. However, credit towards the re-parole guidelines should not be confused with credit towards service of the balance of the original sentence. 28 C.F.R. §§ 2.21(c), 2.47(e)(1). Therefore, petitioner will not receive credit toward the 1499 days that he owes on his original federal sentence for the time he spent in custody on his new state and federal sentences. That time is only recognizable by the Commission as credit for the limited purpose of satisfying the re-parole guidelines. *Joiner v. Henman*, 902 F.2d 1251, 1254 (7th Cir. 1990)(time served on a new sentence credited only for the purposes of the re-parole guidelines and not towards time remaining on the federal sentence). Therefore, petitioner is not entitled to receive concurrent service of the balance of his original federal sentence with his new state and federal sentences, and the Commission's decision to run his sentences consecutively does not violate his due process rights.

**Conclusion**

For the forgoing reasons, the court should deny petitioner's amended petition.

                                            Respectfully submitted,

                                            PATRICK J. FITZGERALD
                                            United States Attorney

                                      By: <u>s/ Pierre C. Talbert</u>
                                                PIERRE C. TALBERT
                                                Assistant United States Attorney
                                                219 South Dearborn Street
                                                Chicago, Illinois 60604
                                                pierre.talbert@usdoj.gov

**CERTIFICATE OF SERVICE**

      The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**UNITED STATES PAROLE COMMISSION RESPONSE TO**
**PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on June 11, 2008, to the following non-ECF filers:

    Kirk E. Bintzler (09138-089)
    Metropolitan Correctional Center
    71 West Van Buren Street
    Chicago, Illinois 60605

                                      s\Pierre C. Talbert
                                      PIERRE C. TALBERT
                                      Assistant United States Attorney
                                      219 South Dearborn Street
                                      Chicago, Illinois 60604
                                      (312) 353-4088
                                      pierre.talbert@usdoj.gov