# EXHIBITS

# UNITED STATES PAROLE COMMISSION

# <u>CERTIFICATE</u>

I, Helen H. Krapels, Assistant General Counsel in the Office of General Counsel for the United States Parole Commission, with offices at 5550 Friendship Boulevard, Chevy Chase, Maryland 20815, hereby certify that the attached exhibits are true copies of documents found in the U.S. Parole Commission's file pertaining to Bintzler, Kirk Federal Register Number 01938-089.

IN WITNESS WHEREOF, I have signed this 29th day of May, 2008, and affixed the seal of the U.S. Parole Commission.



HELEN H. KRAPELS
Assistant General Counsel
U.S. Parole Commission

```
5H    PAR3J  540*23  *              SENTENCE MONITORING         *    02-20-2008
  PAGE 001         *                COMPUTATION DATA             *    10:35:16
                                    AS OF 02-20-2008
```

REGNO..: 01938-089 NAME: BINTZLER, KIRK E

```
FBI NO..........: 891900T7          DATE OF BIRTH: 01-19-1960
ARS1............: CCC/A-DES
UNIT............: GEN WORK           QUARTERS.....: H03-006L
DETAINERS.......: YES                NOTIFICATIONS: YES
```

PRE-RELEASE PREPARATION DATE: 12-29-2007

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  06-29-2008 VIA GCT REL

--------------------CURRENT JUDGMENT/WARRANT NO: 020 -------------------------

```
COURT OF JURISDICTION..........: WISCONSIN, EASTERN DISTRICT
DOCKET NUMBER..................: 94-CR-87
JUDGE..........................: CURRAN
DATE SENTENCED/PROBATION IMPOSED: 11-09-1994
DATE COMMITTED.................: 05-10-2004
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
```

```
                   FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:    $50.00         $00.00          $1,500.00    $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00
```

--------------------CURRENT OBLIGATION NO: 010 ----------------------------
```
OFFENSE CODE....: 136
OFF/CHG: 18: 922(G)(1), UNLAWFUL POSSESSION OF A FIREARM BY A
          CONVICTED FELON.

  SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.: 75 MONTHS
  TERM OF SUPERVISION............: 3 YEARS
  DATE OF OFFENSE................: 02-26-1994
```

```
  G0002      MORE PAGES TO FOLLOW . . .
```

EXHIBIT
A

```
5H      PAR3J  540*23 *          SENTENCE MONITORING        *   02-20-2008
PAGE 002               *         COMPUTATION DATA       *     10:35:16
                                 AS OF 02-20-2008
```

REGNO..: 01938-089 NAME: BINTZLER, KIRK E


------------------------CURRENT COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 01-25-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 01-25-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

```
DATE COMPUTATION BEGAN..........: 04-20-2004
TOTAL TERM IN EFFECT............:    75 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     6 YEARS       3 MONTHS
EARLIEST DATE OF OFFENSE........: 02-26-1994

                                  FROM DATE    THRU DATE
JAIL CREDIT.....................: 03-16-1994   06-14-1995


TOTAL PRIOR CREDIT TIME.........: 456
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 294
TOTAL GCT EARNED................: 270
STATUTORY RELEASE DATE PROJECTED: 06-29-2008
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 04-19-2009


PROJECTED SATISFACTION DATE.....: 06-29-2008
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 04-20-2004, DCB = DATED PAROLED.  01-24-2007, RELEASE AUDIT
                COMPLETED BY DSCC, DJ/SIERRA.
```


G0002       MORE PAGES TO FOLLOW . . .

```
5H      PAR3J   540*23  *        SENTENCE MONITORING       *    02-20-2008
PAGE 003             *           COMPUTATION DATA          *    10:35:16
                                 AS OF 02-20-2008
```

REGNO..: 01938-089 NAME: BINTZLER, KIRK E

------------------------------ CURRENT DETAINERS: ------------------------------

```
DETAINER NO..: 001
DATE LODGED..: 07-02-2004
AGENCY.......: PAROLE COMMISSION
AUTHORITY....: US PAROLE COMMISSION
CHARGES......: WARRANT DETAINER
```

------------------------------ CURRENT NOTIFIES: ------------------------------

```
NOTIFY NO....: 001
DATE RECEIVED: 09-16-2004
NAME OR TITLE: STATE OF WISCONSIN
AUTHORITY....: DIVISION OF COMMUNITY CORRECTIONS
ADDRESS......: 1819 KENILWORTH PLACE
               MILWAUKEE, WI 53202
PHONE NUMBER.: (414) 227-4788
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

```
5H     PAR3J   540*23 *          SENTENCE MONITORING        *    02-20-2008
PAGE 004          *             COMPUTATION DATA        *       10:35:16
                                AS OF 07-29-1993
```

REGNO..: 01938-089 NAME: BINTZLER, KIRK E


FBI NO...........: 891900T7          DATE OF BIRTH: 01-19-1960
ARS1.............: CCC/A-DES
UNIT.............: GEN WORK          QUARTERS.....: H03-006L
DETAINERS........: NO               NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 07-29-1993 VIA MAND REL

------------------------PRIOR JUDGMENT/WARRANT NO: 010 ------------------------
COURT OF JURISDICTION..........: WISCONSIN, EASTERN DISTRICT
DOCKET NUMBER..................: 87-CR-107
JUDGE..........................: EVANS
DATE SENTENCED/PROBATION IMPOSED: 01-05-1988
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 02-02-1988
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:

                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00         $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO      AMOUNT: $00.00

------------------------PRIOR OBLIGATION NO: 010 ------------------------
OFFENSE CODE....: 132
OFF/CHG: POSSESSION OF A FIREARM BY A CONVICTED FELON
         T 18, U.S.C. 922(G)(1)

 SENTENCE PROCEDURE............: 924(A)/5871 GCA FIREARMS GRTR THAN 1YR
 SENTENCE IMPOSED/TIME TO SERVE.:   10 YEARS
 DATE OF OFFENSE................: 08-26-1987

 REMARKS.......: $100.00 ASSESSMENT PAID IN FULL 07-10-1989




G0002        MORE PAGES TO FOLLOW . . .
```

```
5H      PAR3J  540*23 *          SENTENCE MONITORING        *    02-20-2008
PAGE 005 OF 005 *               COMPUTATION DATA        *    10:35:16
                                AS OF 07-29-1993
```

REGNO..: 01938-089 NAME: BINTZLER, KIRK E

-------------------------PRIOR COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 07-29-1993 AT OXF AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:    010 010

```
DATE COMPUTATION BEGAN..........: 01-05-1988
TOTAL TERM IN EFFECT............:     10 YEARS
TOTAL TERM IN EFFECT CONVERTED..:     10 YEARS
EARLIEST DATE OF OFFENSE........: 08-26-1987

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    08-26-1987    09-04-1987
                                    09-16-1987    01-04-1988


TOTAL JAIL CREDIT TIME..........: 121
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1200
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 05-24-1994
TWO THIRDS DATE.................: 05-06-1994
180 DAY DATE....................: 03-09-1997
EXPIRATION FULL TERM DATE.......: 09-05-1997

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: CONTINUE TO EXPIRATION

ACTUAL SATISFACTION DATE........: 07-29-1993
ACTUAL SATISFACTION METHOD......: MAND REL
ACTUAL SATISFACTION FACILITY....: OXF
ACTUAL SATISFACTION KEYED BY....: RLF

DAYS REMAINING..................: 1499
FINAL PUBLIC LAW DAYS...........: 0
```

G0000       TRANSACTION SUCCESSFULLY COMPLETED

U.S. Department of Justice                    **NOTICE OF ACTION**          PAROLE FORM H-7
United States Parole Commission                                                    AUG. 85
Chevy Chase, MD 20815

---

NAME:  BINTZLER, Kirk Edward

REGISTER NUMBER: 01938-089                 INSTITUTION: Leavenworth

In the case of the above-named the following parole action was ordered:

Continue to expiration with the special drug aftercare condition.

---

(REASONS/CONDITIONS)

Your offense behavior has been rated as category SIX severity because you
illegally possessed multiple firearms, a silencer, and converted a weapon to
automatic fire capability. Your salient factor score is 4. You have been in
custody a total of 8 months. Guidelines established by the Commission which
consider the above factors indicate a range of 64-78 months to be served before
release for cases with good institutional adjustment and program achievement.
After review of all relevant factors and information presented, a decision
above the guidelines appears warranted because: your offense behavior involved
the following aggravating factors: you were involved with many dangerous
weapons while in custody you continued to deal in illegal firearms. Also, you
were involved with a pound of ungraded purity cocaine.

As required by law, you have also been scheduled for a statutory interim
hearing during April 1990.

---

SALIENT FACTOR SCORE (SFS-81): Your individual salient factor score items have
been computed as shown below. For an explanation of the salient factor score
items, see reverse side of this form.

ITEM A = 1;   B = 1;   C = 1( )*;   D = 0;   E = 0;   F = 1;   TOTAL SCORE = 4
*If five or more prior commitments, place an 'x' in the parenthesis in Item C.

---

Appeals procedure: You may appeal a decision to the National Appeals Board
under 28 CFR 2.26.

---

May 12, 1988          North Central       CAROL PAVILACK GETTY        dat
   (DATE)               (REGION)           (COMMISSIONER)           (CLERK)

**EXHIBIT**
B

**U.S. Department of Justice**
**United States Parole Commission**

( XX ) **Certificate of Mandatory Release**
( ) **Certificate of Mandatory Release to Special Parole**
( ) **Certificate of Special Parole**
( ) **Certificate of Court Designated Parole**

1993 AUG -2 PM 1: 25

COMMISSION
NORTH CENTRAL REGION

It is certified that BINTZLER, Kirk Edward                                    01938-089
                                    (Name)                                    (Register No.)

now confined in the Federal Correctional Institution, Oxford, Wisconsin
                                    (Facility)

(X)  **MANDATORY RELEASE**   is entitled to 1,499 days Statutory and/or Extra Good Time deductions from the maximum term of sentence imposed as provided by law, and is hereby released from this institution under said sentence on July 29, 19 93. Upon release the above named person is to remain under the jurisdiction of the United States Parole Commission, as if on parole as provided in Title 18, U.S.C. Section 4164, as amended under the conditions set forth on the reverse side of this certificate, and is subject to such conditions until expiration of the maximum term, or terms of sentence. less 180 days on March 9, 19 97, with a total of 1,499 days remaining to be served.

( )  **SPECIAL PAROLE**   is subject to a special parole term commencing _____, 19___ in accordance with the Drug Abuse Prevention and Control Act, 21 U.S.C. 801, et seq. with a total of _____ days remaining to be served. Upon release the above-named person is to remain under the jurisdiction of the United States Parole Commission and will be under the conditions set forth on the reverse side of this certificate until _____ 19___

( )  **COURT DESIGNATED PAROLE**   has completed service of the period of time specified by the sentencing court and is hereby released as if on parole from this institution under said sentence on _____, 19___ with a total of _____ days remaining to be served until maximum expiration of sentence. Said person is released by the undersigned according to Title 18, U.S.C. Section 4205 (f).

He/she is to remain within the limits of Eastern District of Wisconsin
                                    (District of Supervision)

Trudi A. Schmitt
(Chief U.S. Probation Officer)

This certificate in no way lessens the obligations of the person being released to satisfy payment of any fine included in the sentence, nor will it prevent delivery of said person to authorities of any state otherwise entitled to custody.

I have read, or had read to me, the conditions of release printed on the reverse of this certificate and received a copy thereof, I fully understand them and know that if I violate any of them, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole/mandatory release if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the United States Parole Commission upon notice required by law. BINTZLER #01938-089

Kirk Edward Bintzler refused to sign        01938-089
                (Inmate Signature)                (Register No.)

EXHIBIT
C

Witnessed:  Todd W. Cerney

Case Manager
(Title)                                                                (Date)

Initial Risk Category: _____
Federal Correctional Institution
P.O. Box 500, Oxford, Wisconsin 53552
(Institution and Location)

J. F. Wayman                        (Chief Executive Officer)
Unit Manager, Dane/Waupaca Unit

**EACH COPY MUST BE SIGNED INDIVIDUALLY IN INK.**

PAROLE FORM I-3

# CONDITIONS OF RELEASE

1. You shall go directly to the district shown on this CERTIFICATE OF RELEASE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole advisor if you have one, and the United States Probation Officer whose name appears on this Certificate. If in any emergency you are unable to get in touch with your parole advisor, or your probation officer or the United States Probation Office, you shall communicate with the United States Parole Commission, Department of Justice, Chevy Chase, Maryland 20815.

2. If you are released to the custody of other authorites, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days, you shall report instead to the nearest United States Probation Officer.

3. You shall not leave the limits fixed by this CERTIFICATE OF RELEASE without written permission from your probation officer.

4. You shall notify your probation officer within 2 days of any change in your place of residence.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your probation officer, between the first and third day of each month, and on the final day of parole. You shall also report to your probation officer at other times as your probation officer directs, providing complete and truthful information.

6. You shall not violate any law. Nor shall you associate with persons engaged in criminal activity. You shall get in touch within 2 days with your probation officer or the United States Probation Office if you are arrested or questioned by a law-enforcement agency.

7. You shall not enter into any agreement to act as an "informer" or special agent for any law-enforcement agency.

8. You shall work regularly unless excused by your probation officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your probation officer any changes in employment.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use or administer marijuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not associate with persons who have a criminal record unless you have permission of your probation officer.

11. You shall not possess a firearm or other dangerous weapons.

12. You shall permit confiscation by your probation officer of any materials which your probation officer believes may constitute contraband in your possession and which your probation officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

13. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Probation Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, will cooperate with your Probation Officer in establishing an installment payment schedule.

14. You shall submit to a drug test whenever ordered by your probation officer.

**SPECIAL CONDITIONS:** (Applicable only if indicated)

(X) You shall participate as instructed by your probation officer in a program approved by the Parole Commission for treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs.

( ) You shall participate in a community based program for the treatment of alcoholism as directed by your probation officer.

( ) You shall participate in an in-patient or an out-patient mental health program as directed by your probation officer.

(X) You shall reside in and participate in a program of the Community Corrections Center as instructed until discharge by the Center Director, but no later than 120 days from admission.

( ) Other:

This CERTIFICATE will become effective on the day of release shown on the reverse side. If the releasee fails to comply with any of the conditions listed above, the releasee may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

Information concerning a releasee under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning releasees may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

☆ U.S. GOVERNMENT PRINTING OFFICE 1990-272-780

 

# WARRANT

**U.S. Department of Justice**
United States Parole Commission

**To Any Federal Officer Authorized To Serve Criminal Process Within The United States:**

WHEREAS, Bintzler, Kirk E., Reg. No. 01938-089 was sentenced by the United States District Court for the E/Wisconsin to serve a sentence of 10 years for the crime of Possession of a Firearm By A Convicted Felon  and was on July 29, 1993 released in accordance with Sec. 4163, Title 18, U.S.C. (Mandatory Release) from Oxford with 1,500 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by authority of Sec. 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on March 21, 1994.

U.S. Parole Commissioner
North Central Region



**U.S. DEPARTMENT OF**  **TICE**          **WARRA      PPLICATION**
UNITED STATES PAROLE COMMISSION

| | |
|---|---|
| Case Of.................... Bintzler, Kirk E. | FBI No......................... **891900T7** |
| Reg. No...................... **01938-089** | Birth Date.................... **January 19, 1960** |
| Issuing Region........... **North Central Region** | Race............................... **White** |
| Date.......................... **March 21, 1994** | M.R.-Termination Date........ **September 5, 1997** |
| District From............. **E/Wisconsin** | Violation Date................... **December 13, 1993** |
| District To................. **E/Wisconsin** | Released.......................... **July 29, 1993** |
| Transferred To............ | Sentence Length.................. **10 years** |
| Original Offense........ **Possession of a Firearm By A Convicted Felon** | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. **Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole.** If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

CHARGES:

**Charge No. 1 - Law Violation - Burglary/Theft/Fraud -** Subject burglarized a garage and stole a 1987 Porsche. The owner reported the theft on December 18, 1993. Subject subsequently falsified the ownership documents and sold the vehicle to another individual. The vehicle was recovered by the Milwaukee Wisconsin Police Department on March 18, 1994; according to USPO Robinson's letter dated March 18, 1994 and Milwaukee Wisconsin Police Report Case # 93-97746 with reports dated December 18, 1993, March 16th, 17th and March 18, 1994.

I ADMIT [  ] or DENY [   ] this charge.

**Charge No. 2 - Law Violation- Possession of a Handgun/ Stun Gun-** On or about March 16, 1994, subject was arrested by the Milwaukee Wisconsin Police Department, during this arrest a .38 caliber revolver was discovered along with a Nova XR5000 stun gun in the trunk of the vehicle he was driving. Subject admitted to owning the stun gun but said that he knew nothing about the revolver. Possession of the stun gun is a violation of Wisconsin law; according to USPO Robinson's letter dated March 18, 1994 and Milwaukee Wisconsin Police Department Report dated March 16, 1994.

I ADMIT [   ] or DENY [   ] this charge.

 

**Charge No. 3 - Unauthorized Possession of Firearm (or Other Dangerous Weapon).**  On or about March 16, 1994, subject was found in possession of .38 caliber Armscor revolver and a Nova XR5000 stun gun.  Police found both weapons in the trunk of the vehicle the subject was driving; according to USPO Robinson's letter dated March 18, 1994 and Milwaukee Wisconsin Police Department Report dated March 16, 1994.

**I ADMIT [    ] or DENY [    ] this charge.**

Preliminary Interview Is Required Unless Convicted

Warrant Request Received..... **March 18, 1994**
Warrant Issued........................ **March 21, 1994**
District Sent To...................... **E/Wisconsin**

Warrant Recommended By:

*Irma L. Hiseman*

for **Daisy L. Crockett, Case Analyst**
**North Central Regional Office, U.S. Parole Commission**

( √ ) Commission      (    ) Inmate      (    ) Institution      (    ) USPO      (    ) Interviewing Officer      (    ) Chron

PSH

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF WISCONSIN
### PROBATION OFFICE

TRUDI A. SCHMITT
CHIEF PROBATION OFFICER

517 E. WISCONSIN AVE.
604 FEDERAL BUILDING
MILWAUKEE, WI 53202
PHONE: 414-297-1425
FAX: 414-297-1989

May 19, 1994

Ms. Irma Huseman
Senior Case Analyst
U. S. Parole Commission
North Central Region
Air World Center
10920 Ambassador Drive, Suite 220
Kansas City, MO  64153

**RE:  BINTZLER, Kirk**
**Register No. 01938-089**
**FCI Oxford**
**Expiration: 3/9/97**
**SUPPLEMENT TO 3/31/94**
**VIOLATION REPORT (SECOND**
**SUPPLEMENT)**

Dear Ms. Huseman:

Enclosed is a criminal complaint (case no. F-940965) and docket sheets indicating this case is scheduled for a pre-trial conference on 6/23/94 and a jury trial on 7/11/94.  Mr. Bintzler remains in custody, having not posted the $1,000.00 cash bail for this case.

Additionally, Assistant U. S. Attorney Mel Johnson reports an ATF investigation regarding this incident has been completed and the U. S. Attorneys Office is considering the possibility of issuing federal charges against Mr. Bintzler.

I will keep you updated regarding the state and possible federal charges against Mr. Bintzler.  If you have any questions please contact me at (414)297-1914.

Sincerely yours,

Frederic T. Robinson
U. S. Probation Officer

FTR:chg

EXHIBIT
E

Tickle
7-30-94 &
Status &
Tried 12!!

 

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN
### PROBATION OFFICE

TRUDI A. SCHMITT
CHIEF PROBATION OFFICER

517 E. WISCONSIN AVE.
604 FEDERAL BUILDING
MILWAUKEE, WI 53202
PHONE: 414-297-1425
FAX: 414-297-1989

August 1, 1994

Ms. Irma Huseman
Senior Case Analyst
U. S. Parole Commission
North Central Region
Air World Center
10920 Ambassador Drive, Suite 220
Kansas City, MO  64153

RE:  **BINTZLER, Kirk**
**Register No:  01938-089**
**FCI Oxford**
**Expiration:  3/9/97**
**Supplement to 3/31/94**
**VIOLATION REPORT (3RD**
**SUPPLEMENT)**

Dear Ms. Huseman:

Enclosed is an Indictment filed in the United States District Court for the Eastern District of Wisconsin on 6/14/94.  On 7/1/94, Mr. Bintzler appeared for arraignment and plea and was ordered returned to state custody with the federal charges filed as a detainer.

Also enclosed are reports prepared by the Bureau of Alcohol, Tobacco, and Firearms regarding these charges.

Please note Count Two of the Indictment is the violation cited in the 3/18/94 violation report and in the 3/21/94 warrant application.  Count One would represent a separate offense and based on this new information, the commission may wish to amend the warrant application.

**EXHIBIT**
**F**

Ms. Irma Huseman
August 1, 1994
Page 2

RE:  **BINTZLER, Kirk**
**VIOLATION REPORT**
**(3RD SUPPLEMENT)**

**<u>Additional Violation:</u>**

From on or about 12/10/93 to on or about 2/26/94, in Milwaukee, Wisconsin, Mr. Bintzler possessed a .380 caliber Manurhin, PPK-S model pistol, in violation of the Federal Firearms Act and Wisconsin State Law, and all in violation of Condition Six of his mandatory release.

If you have any further questions, please contact me.

Sincerely yours,

*Frederic T. Robinson*

Frederic T. Robinson
U. S. Probation Officer

FTR:chg

Enclosure

**U.S. DEPARTMENT OF ~~JUSTICE~~**
UNITED STATES PAROLE COMMISSION

**SUPPLEMENT**

| | |
|---|---|
| Case Of...................... **BINTZLER, Kirk** | Issuing Region.......... **North Central Region** |
| Reg. No...................... **01938-089** | Date.......................... **September 22, 1994** |
| FBI No....................... **891900T7** | Birth Date............... **January 19, 1960** |
| Race............................ **White** | |

SUPPLEMENT TO WARRANT APPLICATION DATED March 21, 1994

**CHARGES:**

**Charge No. 4 Law Violation - Possession of a Dangerous Weapon (Firearm)** -On or about December 10, 1993, subject was in possession of a Manurhin/Walther .380 caliber pistol. Subject purchased the pistol from Marianne Kutz for $200 and gave her a hand written receipt using the alias signature of" Frank Adams"; according to USPO Robinson's letter dated August 1, 1994 and Bureau of Alcohol, Tobacco and Firearms Report #33435 94 0032 P.

I ADMIT [    ] or DENY [    ] this charge.

**Charge No. 5 - Unauthorized Possession of Firearm (or Other Dangerous Weapon).** On or about December 10, 1993, subject was found in possession of Manurhin/Walther .380 caliber pistol; according to USPO Robinson's letter dated August 1, 1994 and Bureau of Alcohol, Tobacco and Firearms Report #33435 94 0032 P.

I ADMIT [    ] or DENY [    ] this charge.

Warrant Issued.................. March 21, 1994
District Sent To................. E/Wisconsin

Warrant Recommended By:

*P. Shawn Hughes*

P. Shawn Hughes, Case Analyst Trainee
North Central Regional Office, U.S. Parole Commission

( ✓) Commission       (    ) Inmate       (    ) Institution       (    ) USPO       (    ) Interviewing Officer       (    ) Chron

EXHIBIT
6

**Kirk BINTZLER  Reg:01938-089**
**Warrant Application Supplement**
**Page 1 of 1**

AO 245 S (Rev.4/90) Sheet 1 - Judgment in a Criminal Case

U.S. DIST. COURT EAST DIST. WI
FILED

NOV 1 8 1994

AT _____ O'CLOCK _____
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT

**EASTERN** District of **WISCONSIN**

UNITED STATES OF AMERICA
V.

KIRK E. BINTZLER

(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 94-CR-87

Michael Barth
Defendant's Attorney

RECEIVED

THE DEFENDANT:

[x] pleaded guilty to count(s) __One_____ after a
[ ] was found guilty on count(s)_____
plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | unlawful possession of a firearm by a convicted felon | 2-26-94 | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____
and is discharged as to such count(s).
[x] Count __Two_____ is dismissed on the motion of the United States.
[x] It is ordered that the defendant shall pay a special assessment of $ 50.00 _____ for count(s) __One_____, which shall be due [ ] immediately [x] as follows: within one year of November 9, 1994.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _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_____

Defendant's Date of Birth: ___January 1, 1960___

Defendant's Mailing Address:
_Milwaukee County Jail___
_821 West State Street___
_Milwaukee, WI   53233___

Defendant's Residence Address:

_2573 South Burrell Street___
_Milwaukee, WI   53207___

November 9, 1994
Date of Imposition of Sentence

Signature of Judicial Officer
Thomas J. Curran
United States District Judge
Name & Title of Judicial Officer

_Nov. 18, 1994_
Date

U.S. District Court
Eastern Div. of Wis.
I hereby certify that this is a true and correct copy of the original now remaining of record in my office.

SOFRON B. NEDILSKY, Clerk

DATED:

11-21-94 By C. Ste__ Deputy

Copy mailed to attorneys for parties by the Court pursuant to Rule 49(c) Federal Rules of Criminal Procedure.

EXHIBIT

AO 245 S (Rev.4/90) Sheet 2 - Imprisonment

Defendant: Kirk E. Bintzler                    Judgment--Page  2  of  5
Case Number:  94-CR-87

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons
to be imprisoned for a term of  75 months

[x] The court makes the following recommendations to the Bureau of Prisons:

that the defendant be imprisoned at FCI Oxford, Oxford, Wisconsin.

[x] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.
            a.m.
    [ ] at_____p.m. on _____
    [ ] as notified by the United States Marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the
    Bureau of Prisons,
    [ ] before 2 p.m. on _____
    [ ] as notified by the United States Marshal.
    [ ] as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____, with a certified copy of
at _____
this judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev.4/90) Sheet 3 - Supervised Release

Defendant: Kirk E. Bintzler                    Judgment--Page __3__ of __5__
Case Number: 94-CR-87

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___three (3) years_____.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[x] The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[x] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[x] The defendant shall not possess a firearm or destructive device.

[x] The defendant is to participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev.4/90) Sheet 5 - Fine

Defendant: Kirk E. Bintzler                    Judgment--Page   4   of   5
Case Number:  94-CR-87

## FINE

The defendant shall pay a fine of $1,500.00          .

[ ] This amount is the total of the fines imposed on individual counts, as
    follows:

[ ] The court has determined that the defendant does not have the ability
    to pay interest, it is ordered that:

    [ ] The interest requirement is waived.
    [ ] The interest requirement is modified as follows:

[x] The court has determined that the defendant does not have the financial
    ability to pay interest on the fine or the costs of incarceration,
    community confinement, and supervision, and waives the interest on the
    fine, the costs of incarceration, community confinement, and
    supervision in this case.

    This fine plus any interest required shall be paid:
    [ ] in full immediately.
    [ ] in full not later than _____.
    [ ] in equal monthly installments over a period of _____ months. The
        first payment is due on the date of this judgment. Subsequent
        payments are due monthly thereafter.
    [x] in installments according to the following schedule of payments:

The court further determines that the Defendant is to participate in the Federal
Bureau of Prisons Inmate Financial Responsibility Program not to exceed 50% of
his/her earnings.  Payments are to apply first to the special assessment and
thereafter to the fine until paid in full.  During the supervised release period
any unpaid balance is to be paid in installments as set forth by the court. The
probation officer is to meet with the defendant periodically for the purpose of
suggesting an appropriate installment payment.  The court retains supervision
and control over the defendant and any problems encountered in the enforcement
of this order, by either the probation department or the defendant, is to be
brought to the attention of the court for resolution.

If the fine is not paid, the court may sentence the defendant to any sentence
which might have been originally imposed. See 18 U.S.C. § 3614.

AO 245 S (Rev.4/90) Sheet 7 – Statement of Reasons

Defendant: Kirk E. Bintzler                    Judgment--Page __5__ of __5__
Case Number: 94-CR-87

## STATEMENT OF REASONS

[x] The court adopts the factual findings and guideline application in the presentence report.

                                    OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):


**Guideline Range Determined by the Court:**

   Total Offense Level: __22_____

   Criminal History Category: __IV_____

   Imprisonment Range: __63__ to __78__ months

   Supervised Release Range: __2__ to __3__ years

   Fine Range: $ _7,500.00___ to $ _75,000.00__

        [x] Fine is waived or is below the guideline range, because of the defendant's inability to pay.

   Restitution: $ _____

        [ ] Full restitution is not ordered for the following reason(s)


[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

                                    OR

[x] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): the defendant has a prior conviction for a similar offense as well as escape and sexual assault.


                                    OR

The sentence departs from the guideline range

        [ ] upon motion of the government, as a result of defendant's substantial assistance.
        [ ] for the following reasons:

**U.S. DEPARTMENT OF J~~US~~CE**
UNITED STATES PAROLE COMMISSION                    **SUPPLEM~~ENT~~**

| | |
|---|---|
| Case Of..................... BINTZLER, Kirk E. | Issuing Region......... North Central Region |
| Reg. No..................... 01938-089 | Date........................... December 14, 1994 |
| FBI No....................... 891900T7 | Birth Date................ January 19, 1960 |
| Race........................... White | |

SUPPLEMENT TO WARRANT APPLICATION DATED March 21, 1994

**CHARGES:**

**Reference Charge #4** - On or about November 9, 1994, subject pled guilty to one count of Unlawful Possession of a Firearm by a Convicted Felon in the United States District Court in the Eastern District of Wisconsin. Subject was sentenced to 75 months custody of the Bureau of Prisons with a 3 year term of supervised release to follow; according to USPO Robinson's letter dated December 1, 1994 and the Judgment and Commitment Order from the U.S. District Court from the Eastern Wisconsin Case # 94-CR-87 dated November 9, 1994.

I ADMIT [   ] or DENY [   ] this charge.

| | |
|---|---|
| | Warrant Recommended By: |
| Warrant Issued.................. March 21, 1994 | *P. Shawn Hughes* |
| District Sent To................. E/Wisconsin | P. Shawn Hughes, Case Analyst Trainee |

North Central Regional Office, U.S. Parole Commission

( ✓ ) Commission      (   ) Inmate      (   ) Institution      (   ) USPO      (   ) Interviewing Officer      (   ) Chron



─────────────────────────────────────────

**Kirk E. BINTZLER  Reg:01938-089**
**Warrant Application Supplement**
**Page 1 of 1**



# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN
PROBATION OFFICE

TRUDI A. SCHMITT
CHIEF PROBATION OFFICER

517 E. WISCONSIN AVE.
604 FEDERAL BUILDING
MILWAUKEE, WI 53202
PHONE: 414-297-1425
FAX: 414-297-1989

August 24, 1995

Ms. Carol Wilson Mueller
Senior Case Analyst
U. S. Parole Commission
North Central Region
North Pointe Tower, Suite 700
10220 North Executive Hills Blvd.
Kansas City, MO  64153

RE:  **BINTZLER, Kirk**
**Register No. 01938-089**
**Special Report to the Commission**

Dear Ms. Wilson Mueller:

On June 21, 1995, following a finding of guilty in a jury trial, Mr. Bintzler appeared in Milwaukee County Circuit Court, Branch 43 CR for sentencing in case no. F-940965. He was sentenced to ten years imprisonment for theft and also sentenced to five years imprisonment for each of two counts for false statements to be served concurrently to each other but consecutive to the theft charge for a total sentence of 15 years. Please note the original judgment of conviction listed the ten year sentence as consecutive to the federal sentence. On June 22, 1995, the Court amended the judgment to "delete reference to the sentence running consecutive to defendant's federal sentence, however, it is not to be construed as the sentence being concurrent."

Mr. Bintzler is currently incarcerated in the Waupun Correctional Institution (Inmate No. 116149), Post Office Box 351, Waupun, WI 53963-0351, telephone (414)324-5571. Mr. Bintzler currently has a parole eligibility date of March 15, 1999, but he is making attempts to see the Parole Board earlier in the hopes he will be paroled to his 75 month federal prison sentence.

EXHIBIT



Ms. Carol Wilson Mueller                    RE:  **BINTZLER, Kirk**
August 24, 1995
Page 2


        Enclosed is the judgment of conviction, the June 22, 1995 amendment and the
criminal complaint.

        If you have any further questions, please contact me.

                                        Sincerely yours,

                                        *Frederic T Robinson*

                                        Frederic T. Robinson
                                        U. S. Probation Officer


FTR:chg

**U.S. DEPARTMENT OF JUSTICE**            **SUPPLEMENT**
**UNITED STATES PAROLE COMMISSION**

Case Of:        BINTZLER, Kirk
Reg. No:        01938-089
FBI No:         891900T7
Birth Date:     1-19-60
Race:           White
Date:           November 28, 1997
Issuing Region: Eastern Region

## SUPPLEMENT TO WARRANT APPLICATION DATED March 21, 1994

**CHARGES:**

**Reference Charge No. 1 - Theft; False Statements**
On or about 6-21-95, after having been found guilty of the above-cited offenses, subject was sentenced to an aggregate 15 year term of imprisonment. Information contained in Milwaukee County Circuit Court Branch 43 Judgment dated 6-21-95. This charge is based on information contained in the letter dated 8-24-95 from USPO Robinson.
**I ADMIT [  ] or DENY [   ] this charge.**

Warrant Issued:     **March 21, 1994**
District Sent To:   **Eastern District of Wisconsin**

Warrant Recommended By:

*Timothy P. Tobin*

**Timothy P. Tobin, Case Analyst**
**U.S. Parole Commission,**

EXHIBIT
K

  

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

_____

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301) 492-5821*
*Facsimile: (301) 492-5525*

September 2, 1998

Warden
Waupun Correctional Institution
P.O. Box 351
Waupun, WI 53963

**Re: Bintzler, Kirk E.**
**Reg. No. 01938-089**
**State No. 116149**
**DOB: 01/19/1960**

Dear Warden:

The above-named individual, who is presently serving a sentence in your institution, is wanted by this office as a parole violator.

The U.S. Parole Commission issued a violator warrant on March 21, 1994, which has been placed as a detainer against Mr. Bintzler at your institution.

Pursuant to Title 18 USC 4214(b)(1), the Commission will conduct a dispositional record review of this case to determine whether the violator warrant should remain as a detainer. This is <u>not</u> an in-person hearing.

Enclosed is a Parole Form H-13, Notice of Pending Dispositional Review on the Record and Form CJA-22, Appointment of Counsel Under the Criminal Justice Act, both of which should be completed by Mr. Bintzler and returned to this office.

If Mr. Bintzler wishes the services of a court-appointed attorney to submit his comments relative to the Commission's review of the detainer, Form CJA-22 must be completed in its entirety.



EXHIBIT
1

It is requested that the enclosed State Sentence and Parole Information sheet be completed and returned to this office with the Form H-13 and Form CJA-22. Please be advised that any information submitted by your office may be disclosed to the inmate.

Your cooperation is appreciated.

Sincerely,

Sharon A. Gervasoni
Attorney

Enclosures

1. Form H-13
2. Form CJA-22
3. State Sentence and Parole Information Form

tvh

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

**Notice ● Pending Dispositional**
**Review On The Record**

Name:     Bintzler, Kirk E.                                   Reg. No.     01938-089

Federal Institution From Which Released:     Oxford

Type of Above Release:     Mandatory Release        Date of Above Release:     7/29/1993

Federal Warrant Issued:   3/21/1994                  USPC Advised of Detainer:   9/2/1998

District of Supervision:   Eastern District of Wisconsin

Length of Term For Which Confined:     15 years

---

This is to notify you that a parole violator warrant has been issued by the United States Parole Commission and placed against you as a detainer. The Commission will review such detainer on the basis of your file record and make an appropriate disposition.

Following the dispositional review, the Commission may let the warrant stand as a detainer and either: (1) if you are serving a state or local sentence, order that a revocation hearing be scheduled upon your return to a federal institution or order a revocation hearing to be conducted at the facility where you are confined; or (2) if you are serving a federal sentence, order that the revocation hearing be scheduled to coincide with the initial hearing on the new federal sentence (if you are eligible for parole on the new term), or upon your release from the new sentence, whichever comes first. The Commission may also decide to withdraw the warrant, and order your reinstatement to parole supervision.

If you wish to make a statement on the disposition of the detainer, complete and submit the application on the reverse side of this notice. You may have an attorney assist you with its preparation. If you cannot afford your own attorney and desire one, you may request that the United States District Court appoint one for you for this purpose, using Form CJA-22.

For the Commission to consider your comments as part of the record review, you should mail the completed forms no later than October 2, 1998. Otherwise, the Commission may conduct the review without your application and comments. You may seek an extension of time to submit your application by mailing a request for an extension no later than the deadline noted above.

Parole Form H-13
Page 1 of 2

## Dispositional Review on the Record

### Waiver

_____ I do not wish to submit an application. I understand that a dispositional review will be conducted by the U.S. Parole Commission without such application.

---

## Application

Attorney Assistance

For the purpose of assisting me in the completion of this application (initial one of the following):

_____ I do not wish the services of an attorney.  Consider this as my application.

_____ I will obtain the services of my own attorney and will submit an application at a later date.

_____ I wish the service of an attorney but cannot afford to obtain one, and therefore ask that the court appoint an attorney to assist me. (Form CJA-22 must be completed to make such a request - see instructions below).  My application will be submitted at a later date.  Request is made pursuant to 18 U.S.C. 4214(b)(1).

---

I wish to offer the following information to the U.S. Parole Commission to consider during its review of my detainer (use a separate sheet if needed).

---

Witness                    Signature                    Date

### Instructions

The Warden or Superintendent is requested to return this waiver or application to the U.S. Parole Commission after completion by the prisoner.  The enclosed Form CJA-22 should also be presented to the prisoner and returned to the U.S. Parole Commission after completion with this waiver/application.

Parole Form H-13
Page 2 of 2

# APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE CONCERNING APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT

I, Kirk E. Bintzler, having been fully advised of the charges against me and of my rights as set forth in the attached copy of the Notice of Pending Dispositional Review, understand that I may apply to the United States District Court for appointment of counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel will be furnished to me if the judicial officer determines I am financially unable to obtain attorney representation.

Pursuant to such notification concerning appointment of counsel,

☐   I do not wish to apply to the District Court for appointment of counsel.

☐   I do hereby apply to the District Court for appointment of counsel and in connection with this application, I state as follows concerning my financial condition:

I am ☐ Employed    ☐ Unemployed

$_____    Cash on hand and in the bank

$_____    If employed, state weekly income

$_____    If self-employed, state average weekly income

_____    Number of dependents

_____    Property owned

(Complete each line above)

I certify the above to be correct.

_____
Signature of Applicant

_____

Witness                    Signature                    Date

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 1001).

# STATE SENTENCE AND PAROLE INFORMATION

**TO:**      **United States Parole Commission**
             **5550 Friendship Boulevard**
             **Chevy Chase, MD  20815**

**ATTN:**    **Sharon A. Gervasoni**
             **Attorney**

**DATE:**    **September 2, 1998**

             **Bintzler, Kirk E.**
             **Reg. No. 01938-089**
             **State No.  116149**

**Please complete the following information and return this form and copies of discipline reports in the enclosed envelope.  If you have any questions, please call 301-492-5959.**

1. Prisoner's Name: _____

2. State No: _____

3. Date Sentenced: _____

4. Sentence Length: _____

5. Sentencing Court: _____

6. Offense(s): _____

7. Date Eligible for Parole: _____

8. If not paroled, earliest date the prisoner may be released to the community on
   good time credits: _____

9. Full Term Date (including supervision): _____

10. The prisoner ☐ **has** ☐ **has not** maintained a clear conduct record.

11. This office ☐ **has** ☐ **does not have** a U.S. Marshal detainer on file for the prisoner.

_____

      Name                    Title                    Date

Telephone: _____

State Sentence & Parole Information Form
Page 1 of 1

**U.S. DEPARTMENT OF JUSTICE**
United States Parole Commission

**Notice Pending Dispositional
Review On The Record**

Name:    Bintzler, Kirk E.                                  Reg. No.    01938-089

Federal Institution From Which Released:    Oxford

Type of Above Release:    Mandatory Release      Date of Above Release:        7/29/1993

Federal Warrant Issued:  3/21/1994              USPC Advised of Detainer:    9/2/1998

District of Supervision:   Eastern District of Wisconsin

Length of Term For Which Confined:    15 years

---

This is to notify you that a parole violator warrant has been issued by the United States Parole Commission and placed against you as a detainer. The Commission will review such detainer on the basis of your file record and make an appropriate disposition.

Following the dispositional review, the Commission may let the warrant stand as a detainer and either: (1) if you are serving a state or local sentence, order that a revocation hearing be scheduled upon your return to a federal institution or order a revocation hearing to be conducted at the facility where you are confined; or (2) if you are serving a federal sentence, order that the revocation hearing be scheduled to coincide with the initial hearing on the new federal sentence (if you are eligible for parole on the new term), or upon your release from the new sentence, whichever comes first. The Commission may also decide to withdraw the warrant, and order your reinstatement to parole supervision.

If you wish to make a statement on the disposition of the detainer, complete and submit the application on the reverse side of this notice. You may have an attorney assist you with its preparation. If you cannot afford your own attorney and desire one, you may request that the United States District Court appoint one for you for this purpose, using Form CJA-22.

For the Commission to consider your comments as part of the record review, you should mail the completed forms no later than October 2, 1998. Otherwise, the Commission may conduct the review without your application and comments. You may seek an extension of time to submit your application by mailing a request for an extension no later than the deadline noted above.

**EXHIBIT**
M

H-13

**Dispositional Review on the Record**

### Waiver

_____ I do not wish to submit an application. I understand that a dispositional review will be conducted by the U.S. Parole Commission without such application.

---

### Application

Attorney Assistance

For the purpose of assisting me in the completion of this application (initial one of the following):

_____ I do not wish the services of an attorney.  Consider this as my application.

_____ I will obtain the services of my own attorney and will submit an application at a later date.

___✓___ I wish the service of an attorney but cannot afford to obtain one, and therefore ask that the court appoint an attorney to assist me.  (Form CJA-22 must be completed to make such a request - see instructions below).  My application will be submitted at a later date.  Request is made pursuant to 18 U.S.C. 4214(b)(1).

---

I wish to offer the following information to the U.S. Parole Commission to consider during its review of my detainer (use a separate sheet if needed).

*After Appointment will have Counsel Submitt Application Robert*

9-10-98

Don Beerdamn

**Witness**  *Social Worker*    **Signature**    9-10-98    **Date**

### Instructions

The Warden or Superintendent is requested to return this waiver or application to the U.S. Parole Commission after completion by the prisoner.  The enclosed Form CJA-22 should also be presented to the prisoner and returned to the U.S. Parole Commission after completion with this waiver/application.

## APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE CONCERNING APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT

I, Kirk E. Bintzler, having been fully advised of the charges against me and of my rights as set forth in the attached copy of the Notice of Pending Dispositional Review, understand that I may apply to the United States District Court for appointment of counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel will be furnished to me if the judicial officer determines I am financially unable to obtain attorney representation.

Pursuant to such notification concerning appointment of counsel,

☐   I do not wish to apply to the District Court for appointment of counsel.

☒   I do hereby apply to the District Court for appointment of counsel and in connection with this application, I state as follows concerning my financial condition: *note*

*Release Account can't be touched until Release Account.* *and $396.08 in his Release Account.*

I am  ☐ Employed   ☐ Unemployed

$ *48.70 Regular Account* Cash on hand and in the bank

$_____   If employed, state weekly income

$_____   If self-employed, state average weekly income

_____   Number of dependents

_____   Property owned

(Complete each line above)

I certify the above to be correct.

_____
Signature of Applicant

*Don Beebaum - Social Worker*          *9-10-98*
_____
Witness                          Signature                    Date

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 1001).

## STATE SENTENCE AND PAROLE INFORMATION

**TO:**     United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD 20815

**ATTN:**     Sharon A. Gervasoni
Attorney

**DATE:**     September 2, 1998

Bintzler, Kirk E.
Reg. No. 01938-089
State No. 116149

**Please complete the following information and return this form and copies of discipline reports in the enclosed envelope. If you have any questions, please call 301-492-5959.**

1. Prisoner's Name: _Kirk Bintzler_
2. State No: _116149_
3. Date Sentenced: _6-20-1995_
4. Sentence Length: _15 yrs._
5. Sentencing Court: _Circuit Court Branch 43. Milwaukee Co._
6. Offense(s): _Theft, False Statement Application For Certificate of Title_
7. Date Eligible for Parole: _3-15-99_
8. If not paroled, earliest date the prisoner may be released to the community on good time credits: _Mandatory Release date: 6-14-2005_
9. Full Term Date (including supervision): _Maximum Discharge Date. 6-15-2010_
10. The prisoner [X] has [ ] has not maintained a clear conduct record.

11. This office [X] has [ ] does not have a U.S. Marshal detainer on file for the prisoner.

_Don Beerdaum_ - _Social Worker_          _9-10-98_

Name                    Title                    Date

Telephone: _920-324-7183_

  

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

_____

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301) 492-5821*
*Facsimile: (301) 492-5525*

January 19, 1999

Mr. Michael R. Barth
Attorney At Law
W501 Honeycreek Rd.
Burlington, WI 53105

**Re: Bintzler, Kirk**
**Reg. No. 01938-089**

Dear Mr. Barth:

The Parole Commission will soon be reviewing Mr. Bintzler's case on the record to determine whether a parole violator warrant should remain placed against him as a detainer. See 18 U.S.C. § 4214(b)(1). We have been advised by the U.S. District Court that you have been appointed as counsel to assist the prisoner in preparing his application for the dispositional review.

Enclosed is a copy of a warrant application outlining the violation charges and Parole Form H-13, which the Commission uses to evaluate the prisoner's request for relief. The dispositional review will be completed on or about March 19, 1999. Please submit your comments with the completed Form H-13 no later than February 19, 1999. If the Commission does not receive your submission by this deadline, or a written request for an extension of time to complete the application, it will proceed with the review based on the present administrative record. Mr. Bintzler is presently confined in the Waupun Correctional Institutional, P.O. Box 351, Waupun, WI 53963.

Sincerely,

Sharon Gervasoni

Sharon A. Gervasoni
Attorney

Enclosure

tct

EXHIBIT
N

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: BINTZLER, Kirk E.

Register Number: 01938-089                    Institution: Waupun Correctional Insitution
State Number:116149

In the case of the above-named, the following parole action was ordered:

Let the Detainer Stand.

THE ABOVE DECISION IS NOT APPEALABLE.

<u>ATTN</u>:  Waupun Correctional Institution
         P.O. Box 351
         Waupun, WI 53963

cc:      Michael R. Burth
         Attorney at Law
         W501 Honeycreek Rd.
         Burlington, WI 53105

         Chicago CCM
         200 West Adams
         Suite 2915
         Chicago, IL 60606

EXHIBIT

Date: March 19, 1999                                  Clerk: trw