UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 2 7 2008
6-27-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KIRK E. BINTZLER, #01938-089

    Petitioner,

V.

    No. 08 C 1293

UNITED STATES PAROLE COMMISSION,

    Judge Kendall

    Respondent.

PETITIONER'S REPLY TO COMMISSION'S RESPONSE

Before addressing the response of the United States Parole Commission, point by point. The petitioner must bring five relevant matters to the court's attention: (1) Respondent have (contrary to the court's order) withheld relevant E-mails, faxes and correspondences, between the Marshal's Service for the Eastern District, (whom executed the Commission's warrant upon petitioner on April 20, 2004) and Federal Bureau of Prisons CCM-designation employees at 200 W. Adams Street, Suite 2915, Chicago, Illinois 60606; regarding the fact the State of Wisconsin Parole Commission was releasing the petitioner to the U.S. Parole Commission's warrant; verified by the commentary remarks in exhibit H-1-A, of petitioner's petition. "State of Wisconsin releasing to federal detainer on 4/20/04 Wi inmate 116149-A U.S. Parole Coimmission warrant dated 3/21/04" Dated submitted: 3/23/04; confirming the court's order was **not**

followed; reaffirming the need for further court order to the respondent; requiring the respondent to turn over all requested documents in the possession of the Federal Bureau ("BOP") of Prisons; in petitioner's Inmate Systems Management file, (related SENTRY E-mails to and from the Commission) regarding the execution of the warrant; and or the warrant being withdrawn; located at present at MCC-Chicago; (2) The Commission has conceeded it had ample time and opportunity to redress the due process of law violations alleged by petitioner (now before the court) in case # 00-C-1309, Eastern District of Wisconsin in 2006, and on appeal in case no. 06-2789, in June of 2007, but choose to use the tactical advantage of delaying the announcement, to the petitioner that the Commission had not administrative terminated the warrant/detainer in 2004, upon his admission to Pekin Federal Correctional Insitution, instead of alleging at this late date; petitioner was turned over to BOP for incarceration in case No. 94-CR-87, E.D. Wis. Review of the decision in appeal no. 06-2789, will confirm no-one involved, including the reviewing panel was aware of this tactical delay. (3) The counsel for the respondent has failed to properly serve the petitioner; the responsive pleading of June 11, 2008. See page 12, mis-marked registration No.09138-089, instead of 01938-089; requiring the Clerk's Office for the N.D. of Ill. ED. to supply an independent copy (due to non-service) to the petitioner, on June 19, 2008, to form this reply; (4) The record before the court is incomplete in order to render an accurate factual decision, due to the withholding of the documentation between the U.S. Parole Commisson and the BOP as to the BOP's

need to set an overall aggregated release date regarding case numbers 87-CR-107 (parole matter) and 94-CR-87, E.D. of Wisconsin as required by statutory authority, and the BOP's Sentence and Computation Manual § 5880.28. (5) Nowhere in the responsive pleading does respondent's counsel address the properly presented pro se "unreasonable delay" ground incorporated into the other four due proces of law violations that have taken place to date. Therefore, with permission of the court to clarify the pleading and the record before the court (pursuant to federal Rule of Civil Procedure 15) petitioner for cause; now incorporates the issue (ground) of "unreasonable delay" into his prior submitted § 2241, pro se pleading(s).

RELEVANT LEGAL AUTHORITY

MORRISSEY V. BREWER, 408 U.S. at 488 states: " The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody."  " [P]arolee's right to a prompt revocation hearing is **not** suspended by the fact of his serving an intervening sentence." CLEVELAND V. CICCONE, 517 F. 2d at 1089. "The proper boundry line between reasonable and unreasonable delay in fact lies at the three-month mark." UNITED STATES EX REL. HAHN V. REVIS, 520 F. 2d 632, 638 n. 5 (7th Cir. 1975)

not the **14 year-never-ending** bench mark set by the Parole Commssion's actions to date. Some courts have found even a three-month delay, coupled with other circumstance, can be unreasonable. See UNITED STATES EX REL. CARSON V. TAYLOR, 403 F. Supp 747, and periods of delay that entend into years have been found time and time again to be "unreasonable" see WELLS V. WISE, 390 F. Supp. 229 (C.D. Cal.1975) GAY V. U.S. BOARD OF PAROLE, 394 F. Supp. 1374, 1378 (E.D.Va.1975). Furthermore, the Seventh Circuit without execption has found "[G]overnment may **not** delay expiration of federal sentence by postponing its commencement, and violation of that principle may be remedied in habeas corpus proceedings." DUNNE V. KEOHANE, 14 F. 3d 335, 336-37 (7th Cir. 1994) "A federal [prisoner's] sentence must generally be served continuously...he can not be required to serve it in installments." BINDFORD V. UNITED STATES, 436 F. 3d at 1255.

Petitioner reminds the court, in the Seventh Circuit; "district judges should afford the relief to which the prevailing party is entitled without regard to errors in the pleadings. See Fed.R.Civ.P. 54(c). and VALONA V. U.S STATES PAROLE COMMISSION, 138 F. 3d 695, at 695. The court of appeals in the matter of MARSHALL V. LANNSING, 839 F. 2d 933 (3rd Cir. 1998) remanded the matter to the district court because "a prisoner has a right to insure that he is being held in compliance with agency regulations, which have the force of law." In addition " A court can set aside agency action that fails to comply with the agency's own regulations, at least where the regulations

are designed to protect the individual grievant." BLUTH, 435 F. 2d at 1071.

The touchstone of due process lies in the protection of the individual against arbitrary actions of the government; whether the fault lies in the denial of fundamental fairness or in the exercise of power without any reasonable justification in the service of legitimate governmental objectives." COZINE V. CRABTREE, 15 F. Supp. 2d at 1015, quoting COUNTY OF SACRAMENTO V. LEWIS, 523 U.S. 833. There is support for exercise of equitable powers of the Court in cases of the like before this court. (SMITH V. SWOOPE, 91 F. 2d 260, UNITED STATES v. CROFT, 450 F.2d 1094 (6th Cir.1971) to prevent the further violation of petitioner's due process of law right; protecting against the trampling of petitioner's constitutional rights as if the Commission were a herd of Buffalo trampling across the plains. Either way the petitioner must prevail to have the Commission's warrant/detainer quashed either by the Commission's own admission of statutory due process of law violation(s) or upon the court's independent authority to quash the warrant upon the Commission's arbitrary and capricious action of unreasonable delay.

DISPUTED FACT RELEVANT TO THE COURT'S DETERMINATION

Petitioner request the court take judical notice pursuant to Rule 201 of one of the factual finding(s) by the Seventh Circuit Panel hearing case # 06-2789. Petitioner was released on bond in case # F-940965 in Milwaukee, County Circuit Court, though he never physically left the County jail, on Spetember 12, 1994, to the Parole Commission's warrant/detainer of March 21, 1994. The only detainer existing at the time. This implicates a violation of the petitioner's due process of law right to a timely preliminary hearing before the U.S. Parole Commission.

REPLY TO RESPONSE

The respondent's claim under section B, "The Commission is not required to Conduct Petitioner's revocation hearing while petitioner is Serving his State sentence." overlooked the fact(s): (A) Petitioner's state and federal convictions were not final within the 90 days per Commission regulations, to hold a preliminary hearing, required to meet petitioner's due process of law protections; (B) The Commission did Ipso Facto hold a revocation hearing on March 19, 1999, according to their own records in this matter, that the petitioner had a protected liberty interest in. Therefore, the respondent's answer is disingenious to the point of being disrepectfull of the court's intelligence and ability to follow the trail of bread crumbs leading to the constitutional violations by the Commission;

occuring over the past 14 years. The responsive pleading establishes pursuant to Commission Regulations a hearing was held on March 19, 1999, Id. at page 3, responsive pleading. Exhibit N., response; affirms the hearing took place while the petitioner was in state custody, which should have been and was the final revocation hearing on revocation per Commission Regulation(s) § 2.48-01 (a) "The preliminary interview is to be conducted (offered to the parolee) **without unnecessary delay.**" (Emphasis added) and regulation § 2.48 (g) Local revocation hearing: "A postponed preliminary hearing by a hearing may be conducted as a local revocation hearing by a hearing examiner, hearing examiner panel, or other offical designated by the Regional Commissioner, provided that the parolee has been advised that the postponed preliminary hearing will constitute his final revocation hearing." Page 108 Commission Manual, exhibit H-11. is direct evidence the Commission's own regulations deemed the March 19, 1999, hearing as a final revocation hearing. Thus, the clock started running on March 21, 1994, and/or March 19, 1999, for the purpose of petitioner's liberty interest protections, per Commission regulations and the United States Constitution. Whether or not the Court starts the running of the clock on March 21, 1994, or on March 19, 1999, hearing at Waupun Correctional Institution, in the state of Wisconsin. The factual admission by respondent at page 7, lines 6-8: "The Commission has conducted the required review and decided to let its warrant to continue to be lodged as a detainer. Exhibit O. The delay in this review was violation of

a statutory deadline, not a due process violation requiring relief." The result is the same the required quashing of the Commission's warrant/detainer against the petitioner. The Supreme Court has made it abundently clear agency regulations have the full force and effect of law, that incorporate constitutional protections under the Fifth Amendments· due process of law provision; requiring automatic reversal for failure to follow agency regulations, upon confirmation of deviation from the regulations. "Writ of habeas corpus will issue where federal agency fails to comply with its own regulations." ex rel. Accardi V. Shaugnessy, 347 U.S. at 260. If the Court takes the respondent's position; in order to be grant relief, prejudice must be shown. Prejudice is shown by the following facts: The petitioner can not at this late date present witness in mitigation; witnesses to display petitioner was carrying the firearms in question to protect himself from being murdered by Abdel Salam Hamad; when local authorities refused to interceed on petitioner's behalf; petitioner's actions of thwarting the armed robbery at the business establishment where he worked, saved 8 person's lives; The business partnership between petitioner and Abdel Salam Hamad only went astray due to Mr. Hamad's use and abuse of Cocaine against petitioner's wishes resulting in the unitentional loss of money from a third party. Furthermore, lets not forget the Commission delay will result in the delay of the activation of petitioner's supervised release period (which the petitioner has attempted to document but was thwarted in doing so by 25th

floor, Case Manager Nathanial's refusal to provide the requested document, for purpose of exhibit to the court, though instructed to do so by MCC legal counsel Handsford , on June 20th, 2008) that tolls the running of the petitioner's supervised release period, even when physical release is prohibited due to illegal confinement per the Supreme Court Decision of United States V. Johnson, 146 Led. 2d at 39., which in turn also violates the due process protections of the anti-shuttling provisions of arts.I, IV(e) of the United States Constitution.

Respondent's section  B, answer page 6, States:

"a revocation hearing conducted before the petitioner's release from his new sentences would only result in a decision concerning the status of the detainer and would not result in petitioner being release from custody; therefore, it does not meet the criteria for an interest in gaining full liberty, which invokes the Due Process Clause. MOODY, 429 U.S. at 89."

2.47-02 Parolees incarcerated in State/Local Institutions and Parolees Serving Federal Comprehensive Crime Control Act (CCA) or other Non-Parolable Sentences of More than One year...[exhibit H-9, page 106, Commission Manual dated 8/15/03]...(c) Alternatives after Dispositional Review...(3) As an alternative to conditional withdrawal of the warrant, the Commission may offer the prisoner a decision under the expedited revocation procedure set forth at 28 C.F.R. 2.67." (which is unavailable to petitioner at MCC; though he has been requesting a copy of the complete manual for over 5 months)...page 107, ex. H-10:"(d) Dispositional Revocation Hearing Procedures...(1) Dispositional revocation hearing in state/local or federal institutions shall be conducted in accordance with the rules governing institutional revocation hearings at 28 C.F.R. 2.50...(2) The examiner...designated offical conducting the revocation hearing will prepare a reparole guideline worksheet and a revocation hearing summary. NOTE: The Commission may grant reparole nunc pro tunc if the circumstances warrant.(3) Interim record reviews will be scheduled at ...24 months from the date of the dispositional hearing ... [in this case from March 19, 1999]...[If] original federal sentence was 7 years or more. If the prisoner comes into federal custody [where he now writes this reply] prior to a scheduled interim record review, he will be afforded an interim hearing during the month of the previously scheduled record review. (4) Upon completion of the hearing

process, the case will be referred to the appropriate analyst who will assure the proper processing of the case with respect to statutory interim review and pre-relese processing...[which the petitioner is now attempting to do on his own]...(1) The Bureau of Prisons will be notified to amend their time computation record and provide the Commission with a recalculated full term expiration date which will be placed on the parole certificate."

## CONCLUSION

Justice demands the unnecessary delay of 14 years in this proceeding cut against the Parole Commission continued custody of the Petitioner by the Federal Bureau of Prisons holding the petitioner pursuant to the warrant/detainer of March 21, 1994; pursuant to the Commission's own regulation violations that have implicated the violations of the petitioner's due process of law rights to date, withstanding the disingenious arguments to the contrary by the respondent's counsel that confirm constitutional violations have occured and will continue to occur so long as the Commission has jurisdiction over the petitioner. Therefore, the court is empowered by law to quash the warrant/detainer and/or hold an immediate hearing on the matter to take additional evidence.

Respectfully Submitted                Dated June 24th 2008

*Kirk Bintzler*
Kirk Bintzler, pro se

## CERTIFICATE OF SERVICE BY MAIL

I Kirk Bintzler, hereby attest to the fact I placed a true and correct copy of the foregoing reply to the Commission's response to Ass. Attorney General Pierre C. Talbert at 219 S. Dearborn St. Chicago, Illinois 60604, via first class postage pre-paid envelope on the date indicated below by my signature into the MCC mail system for delivery of this reply via legal mail procedures.

Kirk Bintzler *Kirk Bintzler*.        Date: June 24th 2008

(3) Interim hearings should be scheduled every 24 months if either the new sentence or the original sentence is seven years or more; otherwise, such hearings should be scheduled every eighteen months.

**2.47-02.** *Parolees Incarcerated in State/Local Institutions and Parolees Serving Federal Comprehensive Crime Control Act (CCCA) or Other Non-Parolable Sentences of More Than One Year.*

(a) *Lodging Warrant as Detainer.* When the U.S. Probation Officer advises the Commission that the parolee has been sentenced to imprisonment for a new state/local crime or has received a CCCA or other non-parolable sentence (usually supported by a copy of the Judgment and Commitment Order), the Commission should issue a parole violator warrant or supplement a previously issued warrant to state the new conviction. The Commission will forward the warrant to the U.S. Marshal in the district where the parolee will serve the new state/local sentence, with instructions to place the warrant as a detainer. If the parolee is serving a new CCCA or other non-parolable sentence, the Commission will forward the warrant to the designated institution with instructions to place the warrant as a detainer. NOTE: These procedures would also apply to a parolee serving a state term as a probation/parole violator, if the violation behavior occurred while also on federal parole.

(b) *Dispositional Review.* Upon receipt of the detainer notice, the Analyst will forward Form H-13 (Notice of Dispositional Review) to the Warden at the correctional institution where the parolee is incarcerated. The notice should be sent in sufficient time to permit receipt of the application and completion of the Commission's review before the 180 day time period has passed. In the event that an application or written statement is not timely received, the dispositional review should nevertheless be conducted within 180 days of notification. If an application or written statement is submitted after the dispositional review has been completed, (e.g., due to delay in court appointment of counsel), the case should be examined to determine whether it should be reopened under 28 C.F.R. 2.28.

(c) *Alternatives After Dispositional Review.*

(1) If the Commission is to let the warrant stand as a detainer, such decision shall be the final unless, in unusual circumstances, the case is scheduled for a further review under §2.47(c)(3).

(2) If the decision is to withdraw the warrant, such withdrawal shall be accompanied by a Notice of Action stating "Withdraw warrant. Withdrawal of this warrant is conditioned upon service of the sentence currently in effect. If such sentence is vacated or reduced, the warrant shall be reinstated and a new dispositional review shall be ordered." In doubtful cases, the Commission should let the detainer stand and await the execution of the warrant before deciding whether the new sentence has provided a sufficient period of punishment and post-release supervision to warrant the Commission relinquishing its jurisdiction.

(3) As an alternative to the conditional withdrawal of the warrant, the Commission may offer the prisoner a decision under the expedited revocation procedure set forth at 28 C.F.R. 2.67. This procedure may be used, for example, when the conditional withdrawal would be appropriate but the forfeiture of street time is deemed necessary to provide an adequate period of reparole supervision.

(4) If the decision of the Commission is to order a revocation hearing, the Analyst is to commence the scheduling of a dispositional revocation hearing. If the prisoner does not complete the required forms or wishes not to have the dispositional hearing, the dispositional revocation hearing will be postponed until such completion. The Analyst will follow up with institutional officials to assure that the parolee has received the forms.

(5) In the event the parolee is released prior to any subsequent review or revocation hearing, the warrant will be executed by the U.S. Marshal and the parolee designated to a federal institution for an institutional revocation hearing.

(A) *Use of Hearing Examiner To Conduct Hearing:*

(1) The Analyst will direct a copy of the warrant application and a letter to the parolee (with a copy to the Warden and U.S. Probation Officer), advising the parolee that a dispositional revocation hearing will be conducted at the state/local or federal institution. The parolee will be advised of his right to counsel and voluntary witnesses and instructed to complete and return to the Commission within 30 days, Parole Form I-16 (Attorney Witness Election Form) and CJA Form 22 (Appointment of Counsel).

Exhibit H-9

(2) Upon receipt of the above forms the Analyst will forward CJA Form 22 to the U.S. Magistrate in the district in which the state/local or federal facility is located, if appointment of counsel is requested.

(3) After the Commission is advised of appointment of counsel, a letter will be directed to the parolee (with copies to counsel, Warden, and U.S. Probation Officer) informing him of the date and location of the hearing.

(4) The Analyst will prepare a revocation packet(s) to be hand carried to the state/local or federal institution by the designated hearing examiner.

(B) *Use of Other Designated Official (U.S. Probation Officer) to Conduct Hearing*: The Analyst will prepare a revocation packet and forward same to the U.S. Probation Officer designated to conduct a revocation hearing, instructing him to schedule an institutional revocation hearing (month/year). The U.S. Probation Officer will then be responsible for carrying out the procedures otherwise performed by the Analyst, with copies of executed forms and correspondence forwarded to the Commission.

(d) *Dispositional Revocation Hearing Procedures*.

(1) Dispositional revocation hearings for parolees in state/local or federal institutions shall be conducted in accordance with the rules governing institutional revocation hearings at 28 C.F.R. 2.50, except that the hearing may be conducted by an examiner, examiner panel, or other designated official (generally a U.S. Probation Officer).

(2) The examiner, examiner panel, or designated official conducting the revocation hearing will prepare a reparole guideline worksheet and revocation hearing summary. NOTE: The Commission may grant a reparole date nunc pro tunc if the circumstances warrant.

(3) Interim record reviews will be scheduled at either (18) or (24) months from the date of the dispositional revocation hearing dependent on whether the original federal sentence was (less than 7 years) (7 years or more). If the prisoner comes into federal custody prior to a scheduled interim record review, he will be afforded an interim hearing during the month of the previously scheduled record review.

(4) Upon completion of the hearing process, the case will be referred to the appropriate analyst who will assure the proper processing of the case with respect to statutory interim reviews and pre-release processing. If a parolee is serving a sentence in a state/local institution, in addition to the Notice of Action, a letter is to be sent to the Warden (with a copy to the Chairman of the State Parole Board) explaining the maximum jurisdiction of the U.S. Parole Commission should the state release the prisoner prior to the date specified on the Notice of Action.

(e) *Parole to a State/Local Sentence*. If the prisoner is still in state custody as the date chosen for reparole approaches, a pre-release review will be conducted. If the decision is to grant an effective parole to the state or CCCA or other non-parolable sentence:

(1) The Bureau of Prisons will be notified to amend their time computation record and provide the Commission with a recalculated full term expiration date which will be placed on the parole certificate;

(2) The Marshals Service will be notified to withdraw the warrant on the date specified. Note: As the revocation hearing has already set the date for the commencement of the violator term, withdrawing the warrant at this time does not cancel the violation or restore street time or affect the commencement of the violator term.

### ■ §2.48 REVOCATION, PRELIMINARY INTERVIEW.

(a) *Interviewing officer*: A parolee who is retaken on a warrant issued by a Commissioner shall be given a preliminary interview by an official designated by the Regional Commissioner to enable the Commission to determine if there is probable cause to believe that the parolee has violated his parole as charged, and if so, whether a revocation hearing should be conducted. The official designated to conduct the preliminary interview may be a U.S. Probation Officer in the district where the prisoner is confined, provided he is not the officer who recommended that the warrant be issued.

(b) *Notice and opportunity to postpone interview*: At the beginning of the preliminary interview, the interviewing officer shall ascertain that the Warrant Application has been given to the parolee as required by §2.46(b), and shall advise the

parolee that he may have the preliminary interview postponed in order to obtain representation by an attorney or arrange for the attendance of witnesses. The parolee shall also be advised that if he cannot afford to retain an attorney he may apply to a U.S. District Court for appointment of counsel to represent him at the preliminary interview and the revocation hearing pursuant to 18 U.S.C. 3006A. In addition, the parolee may request the Commission to obtain the presence of persons who have given information upon which revocation may be based. Such adverse witnesses shall be requested to attend the preliminary interview unless the parolee admits a violation or has been convicted of a new offense while on supervision or unless the interviewing officer finds good cause for their non-attendance. Pursuant to §2.51 a subpoena may be issued for the appearance of adverse witnesses or the production of documents.

(c) *Review of the charges*: At the preliminary interview, the interviewing officer shall review the violation charges with the parolee, apprise the parolee of the evidence which has been presented to the Commission, receive the statements of witnesses and documentary evidence on behalf of the parolee, and allow cross-examination of those witnesses in attendance. Disclosure of the evidence presented to the Commission shall be made pursuant to §2.50(d).

(d) At the conclusion of the preliminary interview, the interviewing officer shall inform the parolee of his recommended decision as to whether there is probable cause to believe that the parolee has violated the conditions of his release, and shall submit to the Commission a digest of the interview together with his recommended decision.

(1) If the interviewing officer's recommended decision is that no probable cause may be found to believe that the parolee has violated the conditions of his release, the responsible Regional Commissioner shall review such recommended decision and notify the parolee of his final decision concerning probable cause as expeditiously as possible following receipt of the interviewing officer's digest. A decision to release the parolee shall be implemented without delay.

(2) If the interviewing officer's recommended decision is that probable cause may be found to believe that the parolee has violated a condition (or conditions) of his release, the responsible Regional Commissioner shall notify the parolee of his final decision concerning probable cause within 21 days of the date of the preliminary interview.

(3) Notice to the parolee of any final decision of a Regional Commissioner finding probable cause and ordering a revocation hearing shall state the charges upon which probable cause has been found and the evidence relied upon.

(e) *Release notwithstanding probable cause*: If the Commission finds probable cause to believe that the parolee has violated the conditions of his release, reinstatement to supervision or release pending further proceeding may nonetheless be ordered if it is determined that:

(1) Continuation of revocation proceedings is not warranted despite the violations found; or

(2) Incarceration pending further revocation proceedings is not warranted by the alleged frequency or seriousness of such violation or violations, and that the parolee is not likely to fail to appear for further proceedings, and that the parolee does not constitute a danger to himself or others.

(f) *Conviction as probable cause*: Conviction of a Federal, State, or local crime committed subsequent to release by a parolee shall constitute probable cause for the purposes of this section and no preliminary interview shall be conducted unless otherwise ordered by the Regional Commissioner.

(g) *Local revocation hearing*: A postponed preliminary interview may be conducted as a local revocation hearing by a hearing examiner, hearing examiner panel, or other official designated by the Regional Commissioner provided that the parolee has been advised that the postponed preliminary interview will constitute his final revocation hearing.

*Notes and Procedures*

2.48-01. *Preliminary Interview*.

(a) The preliminary interview is to be conducted (offered to the parolee) without unnecessary delay. Where the alleged violator is arrested outside of his district of supervision, the documents specified in warrant application are to be transmitted immediately to the probation officer designated to conduct the interview. The probation officer supervising the case or recommending the warrant may not conduct the preliminary interview.